[Crim. No. 136. Third Appellate District.—August 18, 1910.]

## THE PEOPLE, Respondent, v. HARRY DAVIS, Appellant.

CRIMINAL LAW—APPEAL—NEW METHOD—AMENDED CODE—JURISDIC-
TION—REVIEW UPON APPEAL.—*Held,* that notwithstanding the
forcible objection that this court has no jurisdiction of the ap-
peal from the judgment in a criminal case, because it was pro-
nounced after the amendment of 1909 to section 1239 of the
Penal Code went into effect, and that the defendant failed to take
his appeal under the new method, as prescribed by the amended
section, yet, inasmuch as the judgment was pronounced only a few
days after the amended section went into effect, and as the judg-
ment must be affirmed in view of the errors assigned, the objection
will not be considered as precluding a review of the record.

ID.—INSTRUCTION AS TO DISTRUST OF FALSE WITNESS.—An instruction
in the language of section 2061 of the Code of Civil Procedure,
that "a witness willfully false in a material part of his testimony
is to be distrusted in others," involves a correct statement of a
principle of the law of evidence which it is not improper to declare
to the jury, and the giving of which is not ground for reversal.

ID.—GRAND LARCENY—INSTRUCTION AS TO POSSESSION OF STOLEN PROP-
ERTY UNEXPLAINED.—The instruction ordinarily given upon a
charge of grand larceny on the question of the possession of stolen
property which is the subject of the crime charged usually con-
tains a statement that "the mere possession of stolen property
unexplained by the defendant, however soon after the taking," is
not of itself, and standing alone, sufficient to justify a conviction,
even though it be shown beyond a reasonable doubt that the crime
charged was committed. It would be a mistake to omit such
statement from an instruction as to the effect of the possession of
stolen property.

ID.—CRITICISED INSTRUCTION AS TO UNEXPLAINED POSSESSION—CON-
STRUCTION WITH OTHER INSTRUCTIONS.—An instruction to the
effect that if the property charged to be stolen was found in the
possession of the defendant after being feloniously taken, the
failure of the defendant "to account for such possession, or to
show that such possession was honestly obtained, is a circumstance
tending to show his guilt, and the accused is bound to explain
the possession as a circumstance to be considered in connection
with other suspicious facts," is subject to criticism for omitting
the usual statement; yet it does not require the defendant to
take the witness-stand to explain his possession, when taken with
other instructions on the presumption of innocence, on the degree
of proof required to justify a conviction, and on the right of the
defendant to refuse to become a witness in his own behalf without
prejudice.

ID.—RIGHT OF COURT TO CHARGE JURY ON UNEXPLAINED POSSESSION.—
The court has the right to say to a jury that possession of stolen
property, while not sufficient, standing alone, to warrant a con-
viction, is a circumstance which, unexplained, may be considered
by the jury as tending to establish guilt.

ID.—"ACCUSED BOUND TO EXPLAIN POSSESSION"—SUBSTANTIAL EQUIVA-
LENT OF APPROVED LANGUAGE.—There is little, if any, material
difference between the language, "the accused is bound to explain
the possession," and the approved language that "the circumstance
of such possession, unexplained by the defendant, may, with other
inculpatory circumstances, be considered by the jury in deter-
mining the question of the guilt or innocence of the defendant."

ID.—INSTRUCTION AS TO FLIGHT OF DEFENDANT—REQUEST MODIFIED—
WEIGHT OF EVIDENCE—REVERSAL NOT JUSTIFIED.—Where the court,
at defendant's request, instructed the jury that the circumstance
of flight "is not strong presumptive evidence of guilt, as no such
presumption could arise as matter of law," and that "it is not
sufficient alone to justify the jury in convicting a defendant,"
to which the court added: "But the flight of a person immediately
after the commission of an offense with which he is charged is a
circumstance to be weighed by the jury as tending in some degree
to prove consciousness of guilt, and is entitled to more or less
weight according to the circumstances of the particular case," etc.,
such added language has often been substantially given in this
state, and though it has been justly criticised as an instruction
as to the weight of evidence, it has never been regarded as suffi-
cient cause for reversal.

APPEAL from a judgment of the Superior Court of So-
noma County.   Emmet Seawell, Judge.

The facts are stated in the opinion of the court.

Carroll Cook, for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones, for
Respondent.

. HART, J.—The defendant, having been convicted of the
crime of grand larceny, complains, on this appeal from the
judgment on the judgment-roll alone, that the trial court
gave to the jury three erroneous instructions, which seriously
prejudiced his rights.

There is a preliminary objection by the attorney general
to the consideration of the record on this appeal based upon

the ground that the defendant, against whom the judgment appealed from was pronounced after section 1239 of the Penal Code, as amended by the legislature of 1909, went into effect, failed to take an appeal under the new method of taking appeals in criminal cases as prescribed by said amended section. The specific contention is, of course, that this court has not acquired jurisdiction to review the record and the points for a reversal made by the appellant.

There is undoubtedly much force in this objection; but, as there appears to be little merit in the points urged by appellant for a reversal, and as the judgment was pronounced only a few days after the amended section went into effect, we shall not consider the objection against a review of the record.

There are three of the given instructions which the appellant asserts involve erroneous and prejudicial statements of what the court conceived to be the law applicable to his case. These we shall consider in the order in which counsel presents them in his brief.

1. "The court instructs you that a witness willfully false in a material part of his testimony is to be distrusted in others."

The foregoing instruction has perhaps been given in every criminal case, where pertinent, that has been tried in this state for the past thirty years, and it simply means, in plain language, that if the jury find that a witness has deliberately lied under oath with respect to some material fact in the case, they are, from that fact alone, justified in distrusting him in anything else he might have stated under oath of importance. A jury of just and intelligent men would do this whether they were told by the court to do so or not. But the specific objection made here to said instruction is that it instructs on the weight of evidence and, therefore, invades the constitutional sphere of the jury and in this case has greatly prejudiced the accused. But a conclusive answer to this proposition is, if there were no other, that the supreme court in many cases has said that the instruction involves a correct statement of a principle of the law of evidence which it is not improper to declare to the jury. (*People* v. *Dobbins,* 138 Cal. 694, [72 Pac. 339]; *People* v. *Tibbs,* 143 Cal. 103, [76 Pac. 904]; *People* v. *Farrington,* 140 Cal. 656, [74 Pac. 288].)

In the comparatively recent case of *People* v. *Grill*, 151 Cal. 597, [91 Pac. 517], the court says, speaking of this identical instruction: "That this is a principle of the law of evidence, and one of the rules by which the court or jury must be guided in the consideration of the weight of evidence, cannot be disputed, for it is made so by statute. (Code Civ. Proc., sec. 2061.) It has been repeatedly held by this court that the giving of such an instruction is not cause for a reversal, and we adhere to the precedents thus made," citing a large number of cases.

2. The second instruction assailed by the appellant reads as follows: "If the jury believe from the evidence that the property mentioned in the information, or any portion thereof, was feloniously taken from the person of the prosecuting witness, John Nimmons, as described in the information, and was found in the possession of the defendant shortly after being so feloniously taken, the failure, if failure there be, of the defendant to account for such possession, or to show that such possession was honestly obtained, is a circumstance tending to show his guilt, *and the accused is bound to explain the possession*, in order to remove the effect of the possession as a circumstance to be considered in connection with other suspicious facts, if the evidence disclose any."

We have italicized the particular language contained in the foregoing instruction to which appellant objects. It is argued that by said instruction the court in effect stated to the jury that in order to be relieved from the effect of the possession of the property charged to have been stolen, the defendant was bound to take the witness-stand and explain such possession consistently with his innocence.

The instruction ordinarily given on the question of the possession of stolen property which is the subject of the crime charged usually contains a statement that "the mere possession of stolen property, unexplained by the defendant, however soon after the taking, is not, of itself and standing alone, sufficient to justify a conviction," even though it be shown beyond a reasonable doubt that the crime charged was committed. The court in the case at bar did not embrace this statement within its charge upon the subject of the possession by the defendant of the property alleged to have been stolen, and we think it was a mistake not to do so. But with this

omission, we do not think that the jury could have given the instruction the interpretation to which it is subjected by counsel for appellant. The very same instruction has been given by trial courts and approved by the higher courts in many cases, although, as stated, generally in connection with an explanation that the circumstance of possession was not of itself of sufficient probative significance and weight to justify a conviction.

Counsel does not deny, nor could he do so, in view of a long line of decisions in this state approving such course, that the court has a right to say to a jury that possession of stolen property shortly after the same has been feloniously taken, while not sufficient, standing alone, to warrant a conviction, is a circumstance which, unexplained, may be considered by the jury as tending to establish guilt. The jury, if possessed of common intelligence, would know this whether the court told them so or not, and so it is true, of course, with regard to the criticised language in the instruction under review.

But if, standing alone, the instruction might bear the interpretation that it was the duty of the defendant to take the witness-stand and explain that he had obtained possession of the property honestly, if he would avoid the damaging effect of the circumstance unexplained, it certainly could not be given any such meaning when considered, as presumptively it was, with the instructions given on the presumption of innocence, on the degree of proof required to justify a conviction and on the right of the defendant to refuse to become a witness in his own behalf without prejudice to himself, if he so chose. The court explicitly instructed the jury that "it is the right of the defendant to introduce no evidence," and that "he is never required to introduce evidence for the purpose of establishing innocence"; that "he is not required to act as a witness in his own behalf," but may "stand mute and demand that the people make the case against him beyond a reasonable doubt"; that "his neglect or refusal to be a witness cannot in any way prejudice him, and no presumption can be indulged against him, by reason of his failure to testify in the case, upon any point in the case." Considered in connection with these instructions, the natural and the rational understanding which a jury of intelligent men would receive of the criticised instruction is, as before stated,

that, where there is no explanation showing the possession of stolen property immediately or shortly after it has been feloniously taken to have been innocent or that such possession is devoid of criminality, the circumstance of such possession may be considered as indicative of guilt.

We can perceive little, if any, material difference between the language, ''the accused is bound to explain the possession,'' and the language most generally used and often approved in instructions upon the question of possession of stolen property, that ''the circumstance of such possession, *unexplained* by the defendant, may, *with other* inculpatory circumstances, be considered by the jury in determining the question of the guilt or innocence of the defendant.'' By this language it is distinctly declared that if such circumstance is not accounted for compatibly with innocence, it may be regarded as a fact tending to establish guilt, and, manifestly, this is only putting in another form of words the declaration contained in the challenged instruction that ''the accused is bound to explain the possession.''

3. The court, at the request of the defendant, instructed the jury that the circumstance of flight ''is not strong presumptive evidence of guilt, as no such presumption could arise from such fact as a matter of law,'' and that ''it is not sufficient alone to justify a jury in convicting a defendant.'' To this instruction the court added the following: ''But the flight of a person immediately after the commission of an offense with which he is charged is a circumstance to be weighed by the jury as tending in some degree to prove consciousness of guilt, and is entitled to more or less weight according to the circumstances of the particular case. Evidence of flight is received, not as a part of the *res gestae,* but as some evidence indicative of a guilty mind. The flight of a person immediately after the commission of the offense charged against him, and an attempt to escape and avoid arrest, are circumstances to be weighed by a jury as tending in some degree to prove a consciousness of guilt, together with all the other circumstances of the case, if any there be. You are to give it, if proved, such weight as you think it entitled to in the light of all the facts and circumstances of the case.''

The objection to the foregoing language is that it involves an instruction upon the weight of evidence, and is, therefore,

erroneous. But substantially the same instruction has often been given in this state, and, while it has been criticised, and justly so, we think (*People* v. *Lem Deo,* 132 Cal. 202, [64 Pac. 265]), it has never been regarded sufficient cause for a reversal.

The judgment is affirmed.

Burnett, J., and Chipman, P. J., concurred.