[Crim. No. 1002.   First Appellate District, Division One.—August 18, 1921.]

## THE PEOPLE, Respondent, v. JOHN CATALINE, Appellant.

[1] CRIMINAL LAW—LARCENY—EVIDENCE—VERDICT.—In this prosecution for the larceny of an automobile, the recent possession by the defendant of the stolen car, together with his false denials and his conduct at and about the time of his apprehension, were sufficient to sustain the verdict of conviction.

[2] ID. — POSSESSION OF STOLEN PROPERTY — CORROBORATIVE EVIDENCE REQUIRED. — When a person is found in possession of recently stolen property, slight corroborative evidence of other inculpatory circumstances tending to show his guilt will support a conviction.

APPEAL from a judgment of the Superior Court of Fresno County.   M. F. McCormick, Judge.   Affirmed.

The facts are stated in the opinion of the court.

2.  Possession of stolen property as evidence of burglary, notes, 19 Ann. Cas. 1281; 12 L. R. A. (N. S.) 199.

B. M. Benson for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

KERRIGAN, J.—This is an appeal from a judgment of conviction of grand larceny and from an order denying defendant's motion for a new trial.

The only question presented for determination is the sufficiency of the evidence to sustain the verdict.

The evidence tended to show that the property forming the object of the larceny, a Chandler motor-car, belonged to one Grant Falkenstein. The defendant, upon his arrest in San Francisco, denied his identity, but when shown his picture and confronted by a detective from a neighboring city he admitted that his name was Cataline. He also denied that he had stolen the car in the city of Fresno, adding that he was unable to run a car of that make, or, indeed, of any other, and that he knew nothing whatever of such an automobile. The arresting officers, however, found in his possession a Chandler ignition key. In giving to the officers details about himself he stated to them that he was living in the outskirts of San Francisco with a friend, whose address he did not know, but who met him evenings at Eighth and Market Streets and escorted him to his home. The officers found the stolen car at the "Senate" garage. The defendant denied that he had ever been in that establishment, but upon being taken there he was identified by the night watchman as the person who had left the car in the garage on certain dates.

The defendant took the witness-stand in his own behalf and denied that he had stolen the car or had left it in the Senate garage, or that he had ever been in that place. He admitted his former conviction of felony, and complained that he had been grossly mistreated physically by police officers in an endeavor to make him confess that he was guilty of the offense charged.

[1] We think it clear that the evidence abundantly supports the verdict of the jury. The recent possession by the defendant of the stolen car, together with his false denials and his conduct at and about the time of his apprehension,

are sufficient to sustain the verdict of conviction. **[2]** When a person is found in possession of recently stolen property slight corroborative evidence of other inculpatory circumstances tending to show his guilt will support a conviction. (*People* v. *Vidal,* 121 Cal. 221, [53 Pac. 558]; *People* v. *Gibson,* 16 Cal. App. 347, [116 Pac. 987].)

Judgment affirmed.

Waste, P. J., and Richards, J., concurred.