[Crim. No. 819.   Second Appellate District, Division One.—October 25, 1921.]

## THE PEOPLE, Respondent, v. TIMOTHY O'KEEFE, Appellant.

[1] CRIMINAL LAW—BURGLARY—INFORMATION IN TWO COUNTS—EVIDENCE—VERDICT.—Where an information is in two counts, the first charging that on a certain date the defendant unlawfully, feloniously, and burglariously entered a certain dwelling-house, with the intention then and there to commit the crime of larceny, and the second charging a similar entry of the same house on a different date, and evidence is received concerning both charges, a verdict of the jury, without particular designation of either count, finding the defendant guilty of burglary in the first degree .is a verdict of guilty on both counts.

[2] ID.—INSUFFICIENT EVIDENCE ON ONE COUNT—JUDGMENT—LACK OF PREJUDICE.—Where such defendant, although convicted on both counts, is ordered by the judgment to be punished by imprison-

ment in the state prison "for an indeterminate period for the crime of burglary in the first degree," he is not prejudiced by reason of any insufficiency of the evidence to sustain the verdict on the second count, if he is convicted upon sufficient evidence relating to the first count.

[3] Id.—Possession of Stolen Property—Insufficient Evidence.— In this prosecution for burglary, aside from the defendant's possession of the stolen property at a date more than two months after that property appeared to have been stolen, there being no evidence tending to prove defendant's guilt of the crime of burglary as charged in the first count of the information, the evidence was insufficient to sustain the verdict of guilty.

APPEAL from a judgment of the Superior Court of Kern County. Howard A. Peairs, Judge. Reversed.

The facts are stated in the opinion of the court.

Dorris & Henderson for Appellant.

U. S. Webb, Attorney-General, Arthur Keetch, Deputy Attorney-General, and R. L. Chamberlain for Respondent.

CONREY, P. J.—Appeal from the judgment and from an order denying defendant's motion for a new trial.

[1] The information is in two counts. The first count charges that on or about the twenty-third day of December, 1920, the defendant unlawfully, feloniously, and burglariously entered a certain dwelling-house in the city of Taft, with the intention then and there to commit the crime of larceny. The second count charges a similar entry of the same house on or about the first day of January, 1921. The verdict of the jury, without particular designation of either count, found the defendant guilty of burglary in the first degree. The judgment, after reciting that the defendant was duly convicted of "the crime of felony, to wit, burglary in two counts," ordered that the defendant be punished by imprisonment in the state prison of the state of California "for an indeterminate period for the crime of burglary in the first degree."

Appellant contends that the verdict is defective in this, that it cannot be ascertained therefrom upon which of the counts the jury rendered its verdict, and that this is prejudicial to him for the reason that the verdict cannot pos-

sibly be supported on the second count. Appellant claims—and in this we agree with him—that there is no evidence to show that the burglary charged in the second count was committed in the night-time. This being so, a verdict convicting the defendant of the crime of burglary in the first degree, as charged in the second count, could not be justified by the evidence.

We are of the opinion that the verdict as rendered was a verdict of guilty on both counts. Under section 954 of the Penal Code, the indictment or information may charge two or more different offenses of the same class of crimes or offenses. "The defendant may be convicted of any number of the offenses charged, and each offense upon which the defendant is convicted must be stated in the verdict." Since evidence was received concerning both charges, and both were submitted to the jury, we think that the verdict in the form in which it was rendered was a verdict of guilty on both counts.

[2] On this state of the record, and in view of the judgment as entered, the defendant has not been prejudiced by reason of the insufficiency of the evidence to sustain the verdict on the second count, if he was convicted upon sufficient evidence relating to the first count. Section 669 of the Penal Code reads as follows: "When any person is convicted of two or more crimes before sentence is pronounced upon him for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction must commence at the termination of the first term of imprisonment to which he shall be adjudged, or at the termination of the second or other subsequent term of imprisonment, as the case may be." It is not here necessary to determine whether under the provisions of section 669, where a defendant has been convicted of two or more crimes covered by one verdict, the court would be authorized to sentence the defendant for successive terms of imprisonment for the several offenses of which he was found to be guilty. The judgment in this case did not attempt to go that far. He is entitled to the benefit of the judgment as limited by its own terms, whereby he is sentenced to only one term of imprisonment, for the crime of burglary in the first degree. Construing the verdict and judgment as we have done, there

is no sufficient reason for a reversal under the claim of a defective or otherwise insufficient verdict.

[3] Appellant further contends that the evidence is insufficient to sustain the verdict against him on the first count. There is no direct evidence of his presence at the house in question at the time, nor until more than a month after the time, when the alleged burglary was committed. There is evidence that at a subsequent time certain articles stolen from that house were found in his possession. He invokes the rule that the mere possession of stolen property by a defendant is not sufficient evidence upon which to justify an inference of guilt, and that there must be other circumstances besides the unexplained possession of such property to justify a verdict of guilty, of burglary. (*People v. Boxer,* 137 Cal. 562, 564 [70 Pac. 671]; *People v. Lang,* 142 Cal. 482 [76 Pac. 232].) In the case last cited the court said: "While possession of the stolen property is not of itself sufficient evidence of the guilt of the party in whose possession it is found, still the recent possession, unexplained, is a very strong circumstance, when taken in connection with other circumstances that point to guilt." The question, therefore, is whether in this case other circumstances that point to guilt were established by the evidence. One of the stolen articles was a gold ring belonging to the complaining witness, Harvey Countess, which was last seen in his house on December 16, 1920. The ring having been lost, Mrs. Countess made a thorough search for it on December 19th, without success. It was not seen again until found on the second day of March following in the defendant's locker in his sleeping-room. Two other men slept in that room, but the defendant's locker was fastened with a Yale lock, of which the key was found in the defendant's pocket. The arrest of the defendant occurred on the evening of the second day of March, when the defendant was found loitering about the home of Mr. Countess and his wife. Immediately preceding his arrest, the defendant had placed in their automobile an envelope containing papers, the contents of which are not explained, but which are referred to in the evidence as "literature." Similar papers had been found thrust under the door of the house on two or three occasions in February. At the time of his arrest the defendant admitted that those papers had been placed there by himself. Besides these facts, all of which were

introduced over the objections of the defendant, it was also shown (his objections being likewise overruled) that he formerly had been the husband of Mrs. Countess and that in the year 1902 they were divorced. At the time of his arrest there was found in the coat pocket of the defendant a letter addressed to Mrs. Countess by one of her friends. This letter, according to the testimony of Mrs. Countess, had been missing since December, or just before Christmas. There was also found in the locker, together with said ring, a revolver belonging to Mr. Countess, which he had last seen on New Year's Day, and had first discovered its loss on the second day of March.

We are forced to the conclusion that, aside from defendant's possession of the stolen property at a date more than two months after that property appears to have been stolen, there is no evidence tending to prove defendant's guilt of the crime of burglary as charged in the first count of the information. The fact that the defendant had been the husband of Mrs. Countess, and the fact that more than a month after the date of the alleged burglary he had placed under her door and in her automobile documents of an unexplained nature, and was found loitering about the home of Mr. and Mrs. Countess on the second day of March, are not circumstances tending to prove that at any time during the preceding December he was guilty of burglary of that house, either for the purpose of committing larceny or at all. Such evidence tends to create a suspicion that the defendant had a disposition to annoy his former wife, and was likely to arouse prejudice against him in the minds of the jurors. Of this he would not be entitled to complain if at the same time the evidence had any connection with the commission of the crime charged against him, but the facts thus shown are wholly unrelated to that crime. Aside from the bare fact of the possession of the stolen property at the time stated, there is absolutely no evidence that at or about the time of the commission of the burglary, or at any time prior thereto, the defendant ever was present in the house where the burglary was committed, or in that vicinity. We conclude that the evidence is insufficient to sustain the verdict against the defendant on the first count.

The judgment is reversed.

Shaw, J., and James, J., concurred.