[Crim. No. 38.  Fourth Appellate District.—January 7, 1931.]

THE PEOPLE, Respondent, v. FRANCISCO MORENO, Appellant.

A. D. Trujildo and E. John Ericksson for Appellant.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General, for Respondent.

MARKS, J.—Appellant was accused of the crime of murder by an information filed by the district attorney of Riverside County. The jury found him guilty of manslaughter, and after the pronouncement of judgment he prosecuted this appeal.

Appellant relies upon four grounds for a reversal of the judgment as follows: That the evidence is insufficient to support the verdict; that the court erred in permitting the prosecution to introduce a purported confession of the defendant, no *corpus delicti* having been proven; that the court erred in permitting the prosecution to introduce into evidence parts of a broken bottle; and that a remark by the court, made during the trial was prejudicial to defendant.

The evidence in this case discloses that the deceased, Bartola Ramirez, an old man of the age of about eighty years, lived with Margarita Perla in the city of Corona. On the evening of August 23, 1930, appellant, Bonifacio Reyes, and several others were engaged in a drinking bout at the home of deceased. They left early in the evening. Between 3:30 and 4 o'clock A. M., August 24th, deceased and Margarita Perla were awakened by persons knocking on the rear door of the house and on the windows. Deceased told those creating the disturbance to go away, but it was continued and an effort was made to open the rear door. Deceased then arose from his bed, armed himself with a knife and went out of the rear door of the house, saying he would chase the disturbers away. Shortly after he left the house, Margarita Perla heard sounds

which resembled the breaking of a bottle and of glass falling to the ground. Deceased re-entered the house and had a deep wound upon his head. Margarita Perla went to the rear door and saw appellant, Bonifacio Reyes, and others running away. Later she saw pieces of broken glass upon the ground and a broken bottle near the door. Deceased was taken to the county hospital of Riverside County on August 28, 1930, and died on August 30, 1930. One of the attending physicans testified that in his opinion deceased "died from cerebral concussion with compression due to a—following a blow on the top of the head".

Appellant was taken into custody on August 30, 1930, and in the presence of several witnesses stated that he had had a fight with Bartola Ramirez and had hit him over the head with a beer bottle.

We believe that the statement of the facts in this case effectively disposes of the first two assignments of error, namely, that the evidence was insufficient to support the verdict, and that the court erred in permitting the People to introduce the extrajudicial statements of appellant that he had engaged in a fight with the deceased and had struck him over the head with a beer bottle. The evidence shows that the deceased came to his death through an unlawful act of someone other than himself. This sufficiently established the *corpus delicti* to permit the introduction of the admissions of appellant. (*People* v. *Selby*, 198 Cal. 426 [245 Pac. 426].) The evidence is sufficient to support the verdict of the jury and the judgment of the court.

Appellant further complains because the court permitted the People to introduce in evidence pieces of the bottle which were picked up near the rear door of the residence of deceased. The witness Margarita Perla, identified these pieces of glass as the same ones that she saw on the ground near the rear door of deceased's house shortly after he was injured. This sufficiently identified the glass to permit it to be introduced in evidence. The weight and value to be given to this evidence was to be determined by the jury and not by this court.

For the first time appellant now complains of a remark made by the trial court in the presence and hearing of the jury and maintains that it was prejudicial error. This contention was not made during the trial nor

was the remark assigned as error in the court below. The remark complained of was a question asked by the trial court of a witness whether a certain happening occurred during or after the fight. Appellant maintains that the court assumed in this question that there had been a fight. In cases of this kind a party relying upon alleged misconduct should promptly call it to the attention of the trial court and assign it as error. As appellant failed to do this he should not be heard to complain of this purported error here. (*People* v. *MacDonald,* 167 Cal. 545 [140 Pac. 256]; *People* v. *Weeks,* 104 Cal. App. 708 [286 Pac. 514].)

Judgment affirmed.

Barnard, P. J., and Warmer, J., *pro tem.,* concurred.