[Crim. No. 2390. Second Appellate District, Division Two.—September 18, 1933.]

THE PEOPLE, Respondent, v. VINCENT TEMPOMGKO,
Appellant.

Bob Wheeler for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

CRAIG, Acting P. J.—By two counts of an information the appellant and two other men were charged with burglary and receiving stolen property, and the appellant was also charged with a violation of section 146 of the California Vehicle Act and with having twice previously been convicted of felonies. Upon a trial without a jury his co-defendants pleaded guilty, the appellant admitted the prior convictions, and was found guilty upon the charge of burglary. He appeals upon the sole ground of alleged insufficiency of the evidence to support the judgment.

The evidence showed that the home of four witnesses was entered between 8 and 11 o'clock in the evening during their absence therefrom. They testified that many articles of wearing apparel and other personal property were missing upon their return. When next seen by either of these witnesses their property was at the police station. Officers testified that they recovered a portion of the same from the home of the defendants in another part of the city, and that the latter repeatedly stated when questioned that another, whom they named, had left the property with them. Friends of the defendants, from whom certain articles were recovered, testified that the latter had given the same to them. The only remaining evidence by which it is attempted to sustain the judgment consists of the testimony of officers that the defendants "told conflicting stories; one trying to blame the other". Association of either with the scene of the crime or with the taking is absent. No evidence is pointed out and we find none tending to show

conspiracy of appellant with other defendants, hence their declarations and acts are of no value as binding him. It is not claimed that appellant told stories conflicting with each other, but only in conflict with those of other defendants. Such contradictions have never been held so indicative of guilty participation in burglary as to uphold a conviction where the only other substantial evidence was possession of the stolen property. Certainly it does not show conspiracy with the other defendants, whose statements appellant contradicted. It appears that soon after the theft the appellant gave one of the stolen articles, a fur, to a woman acquaintance. This act was done openly and adds little if anything to the fact of possession. Circumstances here present in addition to possession of stolen property are not of sufficient force to warrant a conviction upon a charge of burglary, according to settled principles as announced in the following authorities: *People* v. *Nichols,* 39 Cal. App. 29 [177 Pac. 861]; *People* v. *O'Keefe,* 54 Cal. App. 649 [202 Pac. 476]; *People* v. *Murphy,* 91 Cal. App. 53 [266 Pac. 374].

The judgment and order denying a new trial are reversed.

Stephens, J., and Archbald, J., *pro tem.,* concurred.