[Crim. No. 2433.   Second Appellate District, Division Two.—November 1, 1933.]

THE PEOPLE, Respondent, v. JOHN W. LUCE, Appellant.

Keith R. Jensen for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

CRAIG, J.—Upon three charges of felony arising from a single transaction, a jury found the defendant guilty. He appealed from the judgments entered accordingly, and from an order denying his motion for a new trial.

The defendant was positively identified by the complaining witness, who testified that the defendant inflicted wounds upon his person by striking him, demanding that he open the safe, and finally shot him, and fled. Other witnesses identified the defendant as having ridden with them from that vicinity immediately following the attack. A revolver and a sweater which he had discarded were recovered, and also identified. ▮ During direct examination of the defendant by his counsel and in an effort to establish an alibi, objections by the People to offered testimony that he had been with a third party at the time of the commission of the offense and had heard him state that he had ''shot a man'' were sustained. This was hearsay and the ruling was correct. That evidence which does not tend to disprove established facts cannot avail the party offering it, and that ''evidence 'which does not derive its force solely from the credit to be given to the witness himself, but rests, also, in part, on the veracity and competency of some other person' (1 Greenleaf, Ev., par. 99; 1 Phil., Ev. 169), is as self-evident

as a truism", is a familiar rule. (*People* v. *Smith,* 55 Cal. App. 324 [203 Pac. 816].) Other cases may be cited to the same rule: *People* v. *Raber,* 168 Cal. 316 [143 Pac. 317]; *People* v. *Mendez,* 193 Cal. 39 [223 Pac. 65]; *People* v. *Flood,* 41 Cal. App. 373 [182 Pac. 766]; *People* v. *Bailey,* 66 Cal. App. 1 [225 Pac. 752].

Error is assigned to reasons expressed for rulings upon evidence offered which are termed comments upon the evidence. It is not attempted to be construed as an improper ground for such rulings, nor was the language of the trial court here designated as misconduct, so assigned during the trial. The contention is untenable. (*People* v. *Eley,* 121 Cal. App. 53 [8 Pac. (2d) 885; *People* v. *Moreno,* 111 Cal. App. 52 [295 Pac. 50]; *People* v. *Jenkins,* 118 Cal. App. 115 [4 Pac. (2d) 799].)

Identification of the defendant as to stature and apparel was positive, but it is contended that the evidence was insufficient in this respect. The trial court having on a motion for new trial approved the finding of the jury "on appeal this court may not disturb such finding and the action of the trial court unless we can say, as a matter of law, that there was no evidence to support the conviction". (*People* v. *Farrington,* 213 Cal. 459 [2 Pac. (2d) 814].)

During a controversy between counsel as to the diligence exercised in attempting to locate the said third person named by the defendant, and the possibility of his real or mythical existence, exceptions to remarks of the district attorney are said to require especial attention. However, the jury were admonished to disregard all such remarks of both counsel, and it cannot be presumed in the absence of some showing that they were prejudicial nor that they were considered by the jury. (*People* v. *Burkhart,* 211 Cal. 726 [297 Pac. 11]; *People* v. *Cotton,* 117 Cal. App. 469 [4 Pac. (2d) 247].)

An instruction on the question of flight was given in the language of section 1127c of the Penal Code, which is contended to have been erroneous. This instruction has been held sufficient for the purpose mentioned. (*People* v. *Blake,* 129 Cal. App. 196 [18 Pac. (2d) 399].)

The judgments and order denying a new trial are affirmed.

Stephens, P. J., and Archbald, J., *pro tem.,* concurred.