[Crim. No. 4154.  Second Dist., Div. Two.  Nov. 6, 1947.]

THE PEOPLE, Respondent, v. ALBERT HOLLAND, Appellant.

William B. Neeley for Appellant.

Fred N. Howser, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

WILSON, J.—Appellant was charged with the crime of grand theft and with the violation of section 503 of the Vehicle Code, taking and driving an automobile without the consent of the owner and with intent to deprive the owner of its title and possession. He was also charged with having been convicted of two prior felonies, both of which he admitted—one being a violation of the Dyer Act, the other conspiracy to violate the Mann Act. He was acquitted of the crime of grand theft and convicted of violating section 503 of the Vehicle Code.

He has appealed from the judgment and from the order denying his motion for a new trial, stating as grounds thereof (1) that the verdict is unsupported by the evidence and is contrary to law, and (2) that the trial court erred in refusing to give instructions requested by appellant.

1. *Sufficiency of the evidence.* The undisputed evidence is that the automobile in question was assigned by its owners to one of their employees for his use. He parked the car in a parking lot and when he returned for it at 8 o'clock in the same evening the car was not there. He had not given permission to anyone to move the car and he did not know appellant.

About 10:30 on the evening of the disappearance of the car two police officers observed it being driven in an irregular manner about a mile from the parking station. They stopped the car, at which time appellant was driving it. The officers found on the floor of the car, between the front and back

seats, a license plate and a wine bottle. The license plate had been stolen from another automobile a short distance from the parking lot between 7 and 10 o'clock on the same evening. The license plate and the wine bottle were not in the car at the time it had been left in the parking station earlier in the day.

Appellant did not testify or offer any evidence in his own behalf.

Appellant urges that the only evidence of his guilt was that of his mere possession of the car, that there was no evidence of his intent to deprive the owner of possession of the automobile, and that the evidence is therefore insufficient to sustain the conviction. He contends that in order to establish intent the evidence must affirmatively show that he had knowledge of the fact that his driving of the car was not authorized by the owner. He analogizes his case to those wherein it has been held that mere possession of stolen property is not sufficient to sustain a conviction of burglary. (See *People* v. *Tempomgko,* 134 Cal.App. 209, 210 [25 P.2d 245]; *People* v. *Boxer,* 137 Cal. 562, 563 [70 P. 671].)

In addition to appellant's possession of the car there is the fact that in it was a license plate that had been removed from another automobile about the time of the alleged crime and in the same vicinity from which the car in question had been taken. From this fact the jury had a right to infer it was the purpose of appellant to place the stolen license plate on the automobile he was then driving in order to make its identification more difficult, intending thereby to deprive the owners of its possession as long as possible. The automobile having been found in the possession of appellant, with the added circumstance of his possession of the stolen license plate belonging to another car, a verdict of guilty was justified. (*People* v. *Beck,* 71 Cal.App.2d 637, 640 [163 P.2d 41].) ▪ The removal of accessories from an automobile is a circumstance bearing upon the element of defendant's intent. (*People* v. *Neal,* 40 Cal.App.2d 115, 118 [104 P.2d 555]; *People* v. *Deininger,* 36 Cal.App.2d 649, 652 [98 P.2d 526].) ▪ Proof of possession of stolen property under suspicious circumstances is sufficient to sustain a verdict of receiving stolen property. (*People* v. *Jacobs,* 73 Cal.App. 334, 341 [238 P. 770].) ▪ Where a person is found in possession of recently stolen property, only slight corroborative evidence of other inculpatory circumstances is necessary to

support a conviction. (*People* v. *Wiley*, 8 Cal.App.2d 135, 136 [46 P.2d 817]; *People* v. *Cataline*, 54 Cal.App. 36, 38 [200 P. 1060]; *People* v. *Moreno*, 111 Cal.App. 52, 59 [295 P. 50].) ■ Appellant's failure to explain possession of the automobile is a circumstance tending to show his guilt. He is bound to explain such possession in order to remove the effect thereof as a circumstance. (*People* v. *King*, 8 Cal. App. 329, 331, 332 [96 P. 916]; *People* v. *Wilson*, 135 Cal. 331, 332 [67 P. 322]; *People* v. *Abbott*, 101 Cal. 645, 647 [36 P. 129].) He made no explanation.

■ 2. *The failure to give instructions as to the effect of intoxication on appellant's intent.* Appellant assigns as error the failure of the court to give an instruction requested by him, reading as follows: ''Whenever the actual existence of any particular intent is a necessary element to constitute any particular species or degree of crime, the jury may take into consideration the fact that the accused was intoxicated at the time, in determining the intent with which he committed the act, if he did commit it, and in determining whether or not he had, at all, the specific intent, necessary to constitute the crime.

''In the prosecution of such inquiry his condition at the time of the alleged offense, as drunk or sober, is proper to be considered. The weight to be given to evidence of drunkenness is matter for the jury to determine, in connection with all the other evidence and circumstances in proof in the case.''

The court properly refused to give the instruction for the reason that there was no proof that appellant was intoxicated. The only evidence on the subject is that given by the arresting officer, who stated that appellant had been drinking but he was not under the influence of liquor. In the absence of evidence that appellant was intoxicated, or that his acts were to any extent the result of the drinking of intoxicating liquor, there was no basis for the instruction.

■ 3. *The refusal of an instruction relating to the sufficiency of the evidence.* Appellant further complains of error in that the court refused to give the following instruction: ''The possession of stolen property is not of itself sufficient evidence of the guilt of the party in whose possession it is found and if you find no evidence of the guilt of the defendant other than the possession of stolen property, it is your duty to render a verdict of not guilty.''

In *People* v. *Davis,* 14 Cal.App. 117, 120 [111 P. 268], the court said it was a mistake not to have given a similar instruction but not sufficient to warrant a reversal. In *People* v. *Enriquez,* 39 Cal.App.2d 168, 172 [102 P.2d 770], the refusal to give an identical instuction was held to be prejudicial error. The latter decision is not applicable on the present appeal for the reason that in that case the only evidence against the defendant was that the stolen property was found in his room. He gave explanatory testimony that he permitted another man to use the room on several occasions, and in addition there was evidence that would have accounted for his presence elsewhere at the time the theft was committed. There are no such favorable circumstances in the present case. Appellant offered no evidence whatever.

When stolen property is found in possession of a person under suspicious circumstances and no explanation of its possession is given by him and no evidence offered in his behalf, it is not necessary to give an instruction such as that offered by appellant, although no reason appears why it should have been refused. However, no prejudice resulted, since the court gave the following instruction on the question of intent requested by appellant: "The rule of law that an act, if knowingly done, is done with criminal intent, has no application to cases where a specific intent is required. Such specific intent is a necessary ingredient or element of the offense and it must be proved to a moral certainty and beyond a reasonable doubt."

By so instructing the jury the court expressly differentiated between the two classes of cases and informed the jury that in such a case as this intent must be proved to a moral certainty and beyond a reasonable doubt. Such instruction, together with other instructions given that the jury must be governed solely by the evidence and that to constitute a violation of section 503 of the Vehicle Code the taking of the automobile must have been with the intent to deprive the owner of possession thereof, sufficiently informed the jury of the law governing the verdict that they should return.

Appellant was in possession of the automobile, the stolen license plate and the wine bottle; the latter articles were not in the car when it was left in the parking station; the automobile and license plate had been taken at approximately the same time and in the same vicinity; appellant gave no explanation of his possession of any of the property. Since he had been drinking the inference may be drawn that he

placed the wine bottle in the car. The inference justified by his possession of the license plate has been discussed. From an examination of the entire record we find no miscarriage of justice. (Const., art. VI, § 4½.)

The judgment and the order denying appellant's motion for a new trial are affirmed.

Moore, P. J., and McComb, J., concurred.