[Crim. No. 5968. Second Dist., Div. One. Nov. 27, 1957.]

THE PEOPLE, Respondent, v. KINNON WILKS, Appellant.

Gladys Towles Root, Eugene V. McPherson and Joseph A. Armstrong for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

602

DRAPEAU, J.*—Kinnon Wilks, defendant in this case, was charged with receiving stolen property (Pen. Code, § 496), with grand theft, and with a prior conviction of a felony, for which he served time in the penitentiary.

In a trial in the superior court, without a jury, he was convicted by the judge of receiving stolen property, and acquitted of grand theft. The judge found that he had suffered a prior conviction of a felony and imprisonment therefor. The judge sentenced defendant to seven months in the county jail.

Defendant appeals from the judgment, and from "a denial of a new trial." The record does not show, however, that a motion for a new trial was made, or was considered by the trial court.

Turning now to the facts in the case.

Aaron A. Berger, a plastering contractor, owned a plaster mixer that disappeared from one of his jobs.

On the day before the mixer disappeared defendant drove up to Mr. Berger's job, and told him he had a plaster mixer he would sell him for $150; that the mixer had been hot but wasn't any more; and that he had obtained it by taking it from a man in San Pedro who owed him wages.

The next day defendant told Mr. Richard Dill, an employee of Central Rentals that he had a plaster mixer for sale. Central Rentals owned a lot renting utility trailers for moving baggage and household goods; also trailers with equipment for industrial purposes, such as the mixer here in question.

Mr. Dill told defendant that he had no authority to buy a mixer, but that if he would come back the next day, Mr. Grady, the owner of the lot, might be interested.

The next day defendant appeared at the trailer lot, towing Mr. Berger's mixer, with his (defendant's) automobile. He unhooked the mixer from his car, tore off the metal serial number on the mixer, and left the mixer on the trailer lot. This aroused the suspicions of the men on the lot, and they called the police.

The next day defendant saw Mr. Grady at the trailer lot. He told Mr. Grady he would sell him the mixer for $125 (Mr. Grady testified that it was worth from $450 to $500.) Defendant also told Mr. Grady that he didn't own the mixer; "a man owes me money, and he doesn't know I have it." About that time the police arrived and arrested defendant.

Mr. Berger identified the mixer as his, from a scratch with a nail that he had made on it under the hood.

---

*Assigned by Chairman of Judicial Council.

It is argued on appeal that the evidence is insufficient to support the judge's decision; and that the judge formed and expressed an opinion before the case was submitted to him for decision.

There is no merit to either argument.

█ The evidence supports the conviction. The mixer was stolen. The inference can be drawn from the evidence that defendant knew it was stolen, and that he knowingly concealed and withheld it from its lawful owner. (Pen. Code, § 496; *People* v. *Holland,* 82 Cal.App.2d 310 [186 P.2d 58].)

Defendant denied ever having possession of the mixer, or ever having talked to Mr. Grady, or Mr. Dill, or Mr. Berger about it. He and his witnesses attempted to show that the only reason he was at the trailer lot was because he had rented a trailer there, and had been hauling household goods for a friend of his. But the judge resolved against him the conflict in the evidence, and, so far as this court is concerned, that is the end of it. (*People* v. *Seerman,* 43 Cal.App.2d 506, 509-510 [111 P.2d 457].)

█ Very little need be said about the argument that the trial judge formed or expressed an opinion before the case was submitted.

We have examined the record, and cannot draw that conclusion from it at all.

During the trial someone in the courtroom was making signs to a 14-year-old boy, brother of the defendant, who was on the witness stand. The judge saw this, stopped it in no uncertain terms, and directed the offender to leave the courtroom.

The judge questioned the boy at length, testing his testimony for veracity. Finally the judge said:

"The Court: Don't have this boy commit any more perjury than he committed just a second ago.

"He said his brother was going somewhere else. Now he said he didn't know he was going any place.

"This little boy is either all mixed up or is lying as fast as he can run."

It goes without saying that if such a comment had been made before a jury, the case would have had to be reversed. But in the circumstances of this case we are not disposed to condemn the remarks, when the judge was so obviously trying to ascertain the truth of defendant's defense. It is pertinent to add here that the judge sent for witnesses who testified on the preliminary examination, and required them to identify

defendant in the superior court. Their testimony on the preliminary had been admitted in evidence by stipulation.

Defendant bases his contention that the judge formed or expressed an opinion on the case from what he said to the offender in the courtroom and to the boy on the witness stand. As has been said many times by our courts, the judge has not only the right, but it is his duty, to take part in the examination of witnesses, if he feels he can help elicit the truth. ▮ Moreover, no objection was made to any of the judge's questions or remarks. In such circumstances, the right, if any, to object on appeal is waived. (*People* v. *Hill,* 116 Cal. App.2d 212, 218 [255 P.2d 54].)

The appeal from the purported order denying a new trial is dismissed.

The judgment is affirmed.

White, P. J., and Fourt, J., concurred.