[Crim. No. 12090.   Second Dist., Div. Four.   Nov. 18, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. DAVID MANGUM, JR., Defendant and Appellant.

Richard H. Levin, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Marvin A. Bauer, Deputy Attorney General, for Plaintiff and Respondent.

KINGSLEY, J. — Defendant and a codefendant were charged with the following crimes: grand theft (violation of Pen. Code, § 487, subd. 3), theft of a vehicle (violation of Veh. Code, § 10851), receiving stolen property (violation of Pen. Code, § 496), and burglary (violation of Pen. Code, § 459).

Defendant with counsel present pled "not guilty" to the charges in the information. A jury was sworn, a mistrial was declared, and defendant, with counsel present, waived trial by jury. Defendant was found guilty on count I (a violation of Pen. Code, § 487, subd. 3) and not guilty on the other counts. A motion for new trial was denied, probation was denied, and defendant was ordered imprisoned in the state prison for the term prescribed by law. Defendant appeals.

Mr. Alfred Young parked his car to buy a newspaper, heard the car crank up, turned around and saw that his car was gone. He could not see who was in the car.

In the early morning hours of August 14, 1965, during the time of the Watts disturbance, while proceeding on foot on 31st towards Vermont, Officer Scott saw the codefendant run with articles in her hands and get into a 1965 Dodge automobile, license number NOW 769. Officer Scott saw defendant behind the wheel. According to the officer, the engine was running and the lights were on. Two other women were in the car.

Defendant testified that he went to a movie, hitched a ride to Vermont and 31st and started on his way home when he observed police about a block away approaching and shooting. Defendant headed for shelter in an automobile parked on 31st. Defendant testified that he did not know the two young ladies in the car and that the car lights were out and the engine was not running. About three minutes later the police arrested defendant.

Officer Scott testified that he and another officer were shooting in the vicinity of 31st and Vermont, but that his shooting was not directed at defendant. Officer Scott saw no male person get into the car. Codefendant Wheaton testified that the lights were not on and that the engine was not running.

The only issue before this court is whether the evidence is sufficient to support the verdict.

■ "It is well settled in larceny cases that in addition to possession there must be substantial evidence establishing other inculpatory circumstances connecting a defendant with the commission of the offense charged. [Citations.] However,

the corroborating or connective effect of such additional evidence need only be slight. [Citation] . . . . Various factors of additional evidence held to be sufficient are . . . acts, conduct or declarations of the accused tending to show his guilt, false denials of knowledge of the goods and attempted disposition of the goods for less than value." (*People* v. *Gills* (1966) 241 Cal.App.2d 711, 715-716 [50 Cal.Rptr. 872] ; see also *People* v. *Vidal* (1898) 121 Cal. 221 [53 P. 558] ; *People* v. *Cataline* (1921) 54 Cal.App. 36 [200 P. 1060].)

■ In the case at bench, the only evidence against the defendant is the fact that he was seated in the driver's seat of a recently stolen car. His explanation for such possession was credible. Any possible inference that could be drawn from the discrepancy between the officer's testimony that the car lights and engine were on, and the defendant's and codefendant's testimony that the car lights and engine were not on, is so insignificant as to not even satisfy our requirement of "slight corroborative" evidence. We have been cited no case, nor has our own research disclosed any case, where possession alone, or possession with such a minor conflict in testimony as exists here, was held sufficient to sustain a verdict of conviction.[1]

The People rely heavily on *People* v. *Jeffries* (1941) 47 Cal.App.2d 801 [119 P.2d 190]. But, in that case, at least two credible witnesses testified that that defendant was actually driving the stolen vehicle. In addition, the defendant there had given, to the police, at the time of his arrest, a story which was demonstrably false. In the case at bench, as we have above pointed out, no witness saw defendant in any act which was a clear exercise of dominion over the vehicle and there is no evidence of any false statements made by him prior to trial. While statements made as a witness in the case itself may be so outrageously false as to meet the requirement of "additional evidence," the mere denial of details of the police testimony does not arise to that stature. If the rule were otherwise, no defendant, no matter how innocent, would dare to testify to his own version of the events leading to his arrest.

---

[1]See, for example, *People* v. *Cataline, supra* (1921) 54 Cal.App. 36, where defendant was in possession of recently stolen property *and* he made false denials about his identity and where he had been; and see *People* v. *Fierro* (1934) 140 Cal.App. 490 [35 P.2d 573], where, in addition to defendant's possession of a stolen automobile, there was also evidence of a plan by defendant and codefendant to steal autos and the possession was pursuant to that plan. In these two cases the evidence was sufficient to support the verdict, but there was adequate corroborative evidence that is lacking in the case at bench.

Whatever defendant's purpose in entering and sitting in the vehicle in question, there is here insufficient evidence to sustain a finding that he had theretofore stolen it. Since that is the offense of which he was convicted, the judgment may not stand.

The judgment is reversed.

Files, P. J., and Jefferson, J., concurred.

A petition for a rehearing was denied December 6, 1966, and respondent's petition for a hearing by the Supreme Court was denied January 18, 1967.