[Crim. No. 14444.    Second Dist., Div. One.    July 26, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. ERNEST SIMS, JR., Defendant and Appellant.

Robert D. Bash for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Richard Tanzer, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from an order granting probation.

In an information filed in Los Angeles on August 25, 1966, numbered 327606, defendant was charged in count I with grand theft, in that he did on April 18, 1966, take an automobile, the property of Laney Jackson contrary to the provisions of section 487, subdivision 3, of the Penal Code; in count II he was charged with receiving stolen property in that he did on June 12, 1966, receive a 1964 Cadillac car, the property of Laney Jackson, knowing the same to have been stolen; in count III he was charged with grand theft in that he did on June 12, 1966, take the property of another of a value in excess of $200. In a separate information filed in Los Angeles on September 7, 1966, numbered 328053, defendant was charged with grand theft in that he did on September 15, 1965, take the property of another of a value in excess of $200. The cases were consolidated for trial. Defendant pleaded not guilty. In a nonjury trial defendant was found guilty of grand theft as charged in the information numbered 328053 and of grand theft as charged in count IV in the information numbered 327606. He was found not guilty on the remaining charges. Proceedings were suspended, defendant was placed on "Summary probation granted for one year," he to "Spend first one year in County Jail, Road Camp or Honor Farm recommended, and good time allowed if earned." Defendant has appealed "from the judgment." We will consider the appeal as being from the order granting probation.

A résumé of some of the facts is as follows: On September 15, 1965, Archibald Hall, Jr., parked his 1964 Harley-Davidson motorcycle at his residence on Roscoe Boulevard in Panorama City. The market value of the motorcycle was $1,295 at this time. He had purchased the motorcycle from Richard Hutchins, the president of Rich Budelier Company, Harley Davidson Distributors for the Los Angeles area, for the sum of $2,100. The next morning the motorcycle was gone. No one had been given permission to take it. Hall next saw his cycle early in July 1966 when it was pointed out to him by police officers at a motorcycle shop in Los Angeles owned by Hutchins. On about September 30, 1965, Robert Jones, a deputy sheriff of Los Angeles County, purchased the motorcycle from defendant for $400. Jones paid for the cycle with a check, made out at the request of defendant to the order of Doris Lewis, defendant's wife. In November of 1965 Jones traded the cycle to Richard Hutchins on a new 1966 Harley-Davidson.

The motorcycle traded in by Jones was the same motorcycle which Hutchins had sold to Hall. The motorcycle was returned to Hall.

On April 17, 1966, Laney Jackson was the owner of a 1964 Cadillac Coupe DeVille model when he returned home at about midnight and parked and locked the same in front of his home in Los Angeles County. The next morning the car was gone and no one had been given permission to drive it. On May 30, 1966, Jones purchased the Cadillac from defendant for $2,900. Defendant represented to Jones that the car belonged to him, that the name of Terry Sims on the registration slip was that of his little boy aged 10, that he, defendant, had purchased the car from a friend who was about to lose it. A representative of a credit union, Miss Rogal, made a loan of $2,300 to Jones for the purchase of the car. Defendant was with Jones at the loaning office and defendant signed a certificate of registration of ownership of the car. He signed as ''Terry Sims'' although his true name is Ernest Sims, Jr. When the car was stolen it was of a different color than when it was sold to Jones.

On July 6, 1966, at about 1 p.m. at defendant's house, officers talked to defendant. Prior to any talk defendant was advised of his rights; to an attorney, that if he was unable to pay a fee an attorney would be provided for him, that he did not have to talk with the officers and that if he did say anything, what he said might be used against him in court. Defendant seemingly understood the explanation with reference to his rights. One of the officers asked defendant where he got the 1964 Cadillac which he had sold to Jones and defendant replied that he had bought it from a ''white guy'' out on Florence Avenue and when asked, where on the Avenue, defendant replied ''I don't know. I think it was out in Norwalk or Whittier.'' Defendant was taken to a police station where defendant and the officers walked to the Cadillac car. After looking at the underframe defendant stated in effect that he did not observe where any welding or repair work had been done. Defendant denied that he had made out any of the Department of Motor Vehicles' records and stated that he had not signed the name ''Terry Sims.'' Defendant was shown the Department of Motor Vehicles' records and he stated that he had not signed them. Defendant had written out a statement of facts for the Department of Motor Vehicles in order to get an identification number for the Cadillac car in which he stated that he had purchased the car in Arkansas.

A handwriting expert testified that the signature on the statement of facts was in fact the signature of defendant.

Appellant now asserts that the court erred in denying his motion for a mistrial based on three instances of alleged misconduct by the deputy district attorney, that the court erred in admitting into evidence his extrajudicial statements and that the evidence is insufficient to support a determination of guilt. There is no merit to any of the contentions.

During the course of the trial the prosecutor with counsel for appellant went to the chambers of the judge and the deputy announced that there was a possible variance between the facts and the evidence which he had introduced. The prosecution on direct examination had elicited from Archibald Hall, Jr., that he was the owner of the motorcycle. The records of the Department of Motor Vehicles apparently indicated that Fairway International Films was the owner and that Hall, Jr.'s father was the owner of Fairway International Films and probably had placed the legal title in the name of the company for tax or insurance purposes. The deputy stated that his only purpose was to clear up a difference, saying ''I believe it is encumbent [sic] upon me when I think there is some evidence at a variance with the true state of facts that I have produced as evidence, I think it is encumbent [sic] upon me as an officer of the Court to make this known to both counsel and the Court for whatever purposes it is necessary now.'' Counsel for appellant conceded the good faith of the prosecutor but suggested that there were other and better ways of bringing the matter to the attention of the court. A motion for a mistrial was properly denied.

Appellant on cross-examination testified in reference to the Department of Motor Vehicles' documents that he had not filled out the same, stating: ''I don't even play around with no typewriter.'' The prosecutor then asked: ''Do you play around with Cadillacs?'' and appellant responded ''No.'' Appellant made a motion to strike the last question and answer and to cite the prosecutor for misconduct and to declare a mistrial. The judge properly in effect sustained appellant's objection to the question and denied the request for a citation of misconduct and a mistrial. The record in this case indicates that the judge was not in the slightest degree influenced one way or the other by the question and answer. The evidence of guilt in this case is overwhelming and had the question and answer in dispute never been uttered the same

result would have obtained. (See *People* v. *Crawford*, 253 Cal.App.2d 524, 536 [61 Cal.Rptr. 472].)

In the course of the cross-examination of appellant, to show motive, scheme and perhaps for impeachment, he was asked about the ownership of a 1966 Cadillac and how he obtained its possession, and thereafter questions were put with reference to a 1965 Cadillac. A document with reference to the latter was marked for identification. Appellant objected to the document and challenged the prosecutor to make an offer of proof which the prosecution promptly did. The deputy offered to establish that the application for registration for the 1965 Cadillac which contained what purported to be the signature of Ronald Lloyd McCord in fact was made out and signed by appellant. The prosecutor withdrew the exhibit and asked no further questions with reference to it. There was no objection to the offer of proof or to the withdrawal of the exhibit. We see no misconduct in this course of conduct under the circumstances. If, however, there was any misconduct it was invited by appellant. We are persuaded that none of the claimed actions upon the part of the prosecutor constitute misconduct. This was a trial without a jury and before an experienced trial judge.

■ Appellant claims that his statements to the officers should not have been received into evidence. The trial here commenced December 1, 1966, and consequently the rules of *Miranda* v. *Arizona*, 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974] were in effect. The officers talked with appellant at home and at the station. He was fully advised of his rights before any questions were put or answers were given. When the officer was about to testify appellant asked to be called on *voir dire* with reference to the advice as to his rights. The judge found that appellant had been fully advised of his rights. No confession was made by appellant and there was no attempt to argue that what appellant had said constituted a confession. At the most it was an admission.

There is considerable other evidence which points up the guilt of appellant but we think it unnecessary to set forth the same. What heretofore has been set forth reveals that there can be no question of his guilt. (See *People* v. *Mangum*, 246 Cal.App.2d 550, 551-552 [54 Cal.Rptr. 743]; *People* v. *Peterson*, 251 Cal.App.2d 676, 680 [59 Cal.Rptr. 694]; *People* v. *Ford*, 234 Cal.App.2d 480, 495-496 [44 Cal.Rptr. 556]; *People* v. *Wissenfeld*, 36 Cal.2d 758, 763-764 [227 P.2d 833].)

This court has assumed the existence of every fact which the trier of fact reasonably could have deduced from the evidence and from such facts there is a sufficient number to support the determination of guilt.

The order granting probation is affirmed.

Wood, P. J., and Lillie, J., concurred.