## THE PEOPLE v. CHAMBERS.

POSSESSION of stolen property is not alone sufficient to convict of larceny. Though such possession is a circumstance to be considered in determining the guilt of the possessor, still, in order to convict him, the prosecutor must add other circumstances indicative of guilt; and such other circumstances must be such as are naturally calculated to awaken suspicion against the party charged, and to corroborate the inference of guilty possession.

APPEAL from the Court of Sessions of Napa.

The facts are stated by the Court.    Defendant appeals.

*Hartson & Stoney*, for Appellant, cited 3 Greenl. Ev. sec. 31 ; *People* v. *Levison*, 16 Cal. 98.

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

The defendant was convicted by the Court of Sessions of Napa county of grand larceny.    On the trial of the case, the Court gave, among others, the following instruction :  " If you find from the evidence that Woeber had money and watches stolen, as stated by him, and that the defendant was afterwards found in possession of a part of the property stolen, you may find therefrom that he is guilty," etc.    It is well settled that the possession of the fruits of a crime is a circumstance to be considered in determining the guilt of the possessor, but the authorities seem to hold that this circumstance is not of itself sufficient to authorize a conviction.    " The real criminal," says Greenleaf, " may have artfully placed the article in the possession or on the premises of an innocent person, the better to conceal his own guilt ; or it may have been thrown away by the felon in his flight, and found by the possessor, or have been taken from him in order to restore it to the true owner, or otherwise have come lawfully into his possession."    (3 Greenl. Ev. sec. 31.)    Our sense of justice would revolt at the idea of convicting a person under such circumstances ; but it is obvious that if the mere possession is sufficient to convict, the innocent are as likely to suffer as the guilty.    There are many cases in which an explanation would be impossible ; and in such cases to throw the burden of explanation upon the accused would be to slam the door of justice in his face.    We think the true rule upon the subject is that laid down by Greenleaf in the section referred to.    " It will be necessary," says he, " for the prosecutor to add the proof of other circumstances indicative of guilt in order to render the naked possession of the thing, available toward a conviction."    Examples are given of the character of the circumstances necessary to be

shown; but it is sufficient for us to say that they must be such as are naturally calculated to awaken suspicion against the party charged, and to corroborate the inference of guilty possession. The case of the *People* v. *Levison* (16 Cal. 98) involved a similar question, and must, we think, be regarded as authority in this case.

Judgment reversed and cause remanded for a new trial.