[Crim. No. 7946. Second Dist., Div. Three. May 11, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. LUIS GOMEZ HOLQUIN, Defendant and Appellant.

David C. Marcus for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Carl Boronkay, Deputy Attorney General, for Plaintiff and Respondent.

SHINN, P. J.—Holquin and Ramirez were jointly charged with burglary and receiving stolen property. In a jury trial, in which they were represented by the public defender, they were found guilty of burglary in the first degree and not guilty of receiving stolen property. Probation was denied Holquin and he was sentenced to state prison. Holquin appeals from the judgment and purports to appeal from all other orders and rulings made by the court.

The home of Rogelio H. Delgado was burglarized shortly after he left the premises between 7:30 and 8 p. m. Forcible entry was made and there were taken by the burglars a console record player with four records and several articles of men's clothing. At about 8 p. m. police officers found the defendants parked in a car on the street about one and a half miles from the Delgado home. Noticing that the police car was being watched apprehensively, the officers pulled up and questioned the defendants. Holquin stated that they had run out of gasoline and that Samuel Martinez, who had been riding with them, had left to get gasoline. The officers observed suits of clothes on hangers neatly piled on the back seat. Becoming suspicious, they requested permission to look in the trunk of the car; Holquin unlocked the trunk and the officers found therein the record player and the four records that had been stolen. Upon further questioning Holquin stated that the record player belonged to his mother, and when the officers said they would call his mother Holquin said: "Don't do that. I'll tell you the truth. I think maybe it's hot stuff." Holquin said they had met Samuel Martinez at a parking lot; he asked for a ride to San Fernando and offered to buy gasoline for their car; he directed them to go to a dark spot on the parking lot, where he could pick up some articles and put them in the car; they drove to the spot and Martinez put the record player in the trunk compartment and the clothing on the back seat. Soon after they left the parking lot they ran out of gasoline; Martinez went to find a filling station and they were waiting for him to return. The officers asked Ramirez the name of the man who put the clothing and the record player in the car and he replied that he was named Sammy Chavez. Neither defendant testified at the trial.

The grounds of appeal are that there was insufficient evidence to support the conviction of burglary. This contention is without substance.

While mere possession of stolen property is not sufficient to connect the possessor with the commission of a burglary it is a circumstance which requires a reasonable explanation of how possession was acquired and that it was honestly obtained. Unsatisfactory or false explanation may be sufficient corroborative evidence to connect the possessor with the theft. "Flight, false statements showing consciousness of guilt or as to how the property came into defendant's possession, assuming a false name, inability to

find the person from whom defendant claimed to have received the property, have each in turn been held to be sufficient to connect the accused with the crime when proven in connection with possession of the stolen property. (*People* v. *Russell*, 120 Cal.App. 622 [8 P.2d 209]; *People* v. *King*, 122 Cal.App. 50 [10 P.2d 89].)'' (*People* v. *Taylor*, 4 Cal.App. 2d 214, 217 [40 P.2d 870].) ▮ The false and contradictory statements of the two defendants amply connected them with the burglary and was legally sufficient to prove the guilt of Holquin.

▮ The court gave an instruction which is set out in the footnote.[1]

It is not questioned that the instruction was a correct statement of the law. It is argued only that it was error to include in the instruction the second paragraph for the reason that Holquin did not testify and the language of that paragraph would imply that the defendant was bound to take the stand and in his testimony explain his possession of the property. The argument is untenable. The statement could only have been understood to relate to the time when one ''is found in the possession of property that was stolen'' since that is the time when he is called upon to explain his possession. If the explanation then given is not shown to have been false and is wholly consistent with innocence and there is no evidence of acts or conduct indicating guilt, there is a failure of the corroborating circumstances which are required to establish guilt. But if the explanation is shown to be false

[1]''The mere possession of stolen property, howsoever soon after the taking, unexplained by the person having possession, is not sufficient to justify conviction. It is, however, a circumstance to be considered in connection with other evidence in determining the question of innocence or guilt. If you should find from the evidence that a burglary was committed on the premises involved in this case and that thereafter the defendants were found in possession, or claimed to be the owner, of property stolen from the burglarized premises, such a fact would be a circumstance tending in some degree to show guilt, although not sufficient, standing alone and unsupported by other evidence, to warrant your finding him guilty. In addition to proof of possession of such property there must be proof of corroborating circumstances tending of themselves to establish guilt. Such corroborating circumstances may consist of the acts, conduct, falsehood, if any, or other declarations, if any, of the defendant, and any other proved circumstance tending to show the guilt of the accused.

''One who is found in the possession of property that was stolen from burglarized premises is bound to explain such possession in order to remove the effect of that fact as a circumstance, to be considered with all other evidence, pointing to his guilt; and if he gives a false account of how he acquired that possession or, having reasonable opportunity to show that his possession was honestly acquired, he refuses or fails to do so, such conduct is a circumstance that tends to show his guilt.''

or if there was a refusal at the time to explain, these are circumstances for the consideration of the jury and may be sufficient to establish guilt. There could have been no failure on the part of the jury to understand that the instruction related solely to the explanation that Holquin gave when he was apprehended by the officers. It could not have been understood to relate to the significance of the failure of the defendant to testify, which was covered by other instructions.

There is no merit in the further criticism of the instruction in that it failed to add that the question whether Holquin was telling the truth rested solely with the jury. By other instructions the jurors were informed that they were the sole and exclusive judges of the facts, the effect and value of the evidence and the credibility of the witnesses.

There is no basis for the charge of misconduct of the district attorney with respect to his reference in argument to the failure of the defendants to take the stand. It amounted to no more than a reference to the failure of the defendants to testify as to the circumstances in which they came into possession of the property. The district attorney asked the jurors to follow the court's instructions in that matter. The significance of the failure of defendants to testify was fully and correctly stated in the instructions.

There was strong evidence of the guilt of the defendants; the trial was conducted without error.

The judgment is affirmed. The purported appeal from "all of the orders and rulings" is dismissed.

Ford, J., and Files, J., concurred.