[Crim. No. 2190.   Fourth Dist.   Dec. 27, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. BOOKER T. MOORE, Defendant and Appellant.

Rufus W. Johnson, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and S. Clark Moore, Deputy Attorney General, for Plaintiff and Respondent.

COUGHLIN, J. — Defendant was charged with three counts of burglary and three counts of receiving stolen property; was convicted of the former; and acquitted of the latter. The burglary counts arose out of the burglarizing of three different residences occurring, respectively, sometime between November 16 and December 1, 1963, on December 17, 1963, and between 1 a.m. on December 25, 1963, and 2 p.m. on December 26, 1963. As to two of the counts the degree of burglary was fixed as second degree and as to the other, at first degree.

There is substantial evidence that each of the subject residences was burglarized and that a part of the property stolen from each of them later was found in the residence of a person named Mrs. Velma Hunter, who, as a codefendant, was charged with the three counts of burglary and three counts of receiving stolen property, and was convicted on all counts. The only issue as to the defendant is whether he was a participant in the burglaries.

On January 24, 1964, two deputy sheriffs, while conducting a search of Mrs. Hunter's residence in regard to a domestic relations matter, observed the presence therein of some property reported stolen from the three residences which were the subject of the burglaries. On this occasion the officers noted defendant come from a bedroom dressed only in his trousers. One of them asked Mrs. Hunter if he might look about her house for evidence that a particular man had been living with her, and when she consented looked for articles of men's clothing and shaving gear. Apparently defendant had overheard this conversation, and when the officer started upstairs defendant shouted after him that "they" were looking for more than they said they were. When Mrs. Hunter told the officers that a cigarette lighter, one of the stolen

items, had been given to her by her cousin, "Sonny" Towns, the defendant interjected that he had given it to her and, upon interrogation, explained that he had received it from a friend whose name he did not know. Thereafter the officers obtained a search warrant and seized the stolen property.

At the trial Mrs. Hunter testified that the stolen property had been purchased from or given to her by her cousin "Sonny." The defendant did not testify.

On appeal, defendant contends the court committed reversible error in giving instructions proscribed by the rule in *Griffin* v. *California*, 380 U.S. 609 [85 S.Ct. 1229, 14 L.Ed.2d 106]. One of these was the standard instruction, condemned in *Griffin*, advising the jury the defendant's failure to testify may be considered as indicating that among the inferences reasonably deducible from the evidence "those unfavorable to the defendant are the more probable"; and the other was part of an instruction respecting the effect of possession of stolen property as proof of guilt which ended with the charge that if a person accused of burglary "has a reasonable opportunity to show that his possession was honestly acquired but refuses or fails to do so, this is a circumstance that tends to show his guilt." Purportedly the latter instruction was based upon the rule: "Where recently stolen property is found in the conscious possession of a defendant who, upon being questioned by the police, gives a false explanation regarding his possession or remains silent under circumstances indicating a consciousness of guilt, an inference of guilt is permissible and it is for the jury to determine whether or not the inference should be drawn in the light of all the evidence." (*People* v. *McFarland*, 58 Cal.2d 748 [26 Cal.Rptr. 473, 376 P.2d 449].) In substance, the prosecution concedes that giving the standard instruction was error, but contends that giving the failure-to-explain instruction was not error, and also contends that any error in the premises was not reversible.

In support of the contention that the failure-to-explain portion of the instruction on possession of stolen property as proof of guilt was proper, the People cite the decision in *United States* v. *Gainey*, 380 U.S. 63 [85 S.Ct. 754, 758-759, 13 L.Ed.2d 658], where it was held that giving an analogous instruction, in light of all the instructions given, did not constitute a comment on the accused's failure to testify. The court noted particularly that: "The judge's overall reference was carefully directed to the evidence as a whole, with neither allusion nor innuendo based on the defendant's deci-

sion not to take the stand." Such is not the situation in the case at bench. The rule in *People* v. *McFarland, supra,* 58 Cal.2d 748, 755, permitting an inference of guilt upon failure of a person in possession of stolen property to explain his position, is subject to the constitutionally imposed limitation incident to an exercise of the right of a defendant in a criminal case not to testify. In *People* v. *Holquin,* 203 Cal.App.2d 485, 488 [21 Cal.Rptr. 435], the defendant contended that, where he had elected not to testify, it was error to give an instruction containing the following statement: " 'One who is found in the possession of property that was stolen from burglarized premises is bound to explain such possession in order to remove the effect of that fact as a circumstance to be considered with all other evidence, pointing to his guilt; and if . . . having reasonable opportunity to show that his possession was honestly acquired, he refuses or fails to do so, such conduct is a circumstance that tends to show his guilt.' " The court rejected the defendant's contention and said (pp. 488-489) : "The statement could only have been understood to relate to the time when one 'is found in the possession of property that was stolen' since that is the time when he is called upon to explain his possession. If the explanation then given is not shown to have been false and is wholly consistent with innocence and there is no evidence of acts or conduct indicating guilt, there is failure of the corroborating circumstances which are required to establish guilt. But if the explanation is shown to be false or if there was a refusal at the time to explain, these are circumstances for the consideration of the jury and may be sufficient to establish guilt. There could have been no failure on the part of the jury to understand that the instruction related solely to the explanation that Holquin gave when he was apprehended by the officers. It could not have been understood to relate to the significance of the failure of the defendant to testify, which was covered by other instructions."

Further, it should be noted that in *United States* v. *Gainey, supra,* 380 U.S. 63 [85 S.Ct. 754, 758-759, 13 L.Ed.2d 658], the court, by footnote, expressed its belief that "the better practice would be to instruct the jurors that they may draw the inference *unless the evidence in the case provides a satisfactory explanation. . . .*" (Italics ours.) This cautionary suggestion is particularly applicable to the circumstances in the instant case because Velma Hunter testified that all of the stolen property in her home either had been given to her

by or had been purchased from her cousin "Sonny" Towns.

The district attorney, in his argument to the jury, commented on defendant's failure to testify. This misconduct also is urged as ground for reversal.

After a review of the evidence, we are of the opinion that it is probable a result more favorable to the defendant would have been reached in this case if the subject instructions had not been given, and the district attorney's comment had not been made. The proof of defendant's guilt was very weak. In support of the judgment the People rely upon the heretofore noted general rule respecting the effect of possession of stolen property as supplying an inference of guilt. In this regard it is a matter of note that here even the primary fact of possession was furnished only by inference. The evidence upon which that inference is based would have supported other equally reasonable inferences in proof of innocence. In addition to defendant's alleged possession of stolen property, and the inference of guilt deducible therefrom, the People also relied on other inferences of guilt deducible from other evidence. However, in this instance also, inferences supporting innocence as well as those supporting guilt reasonably could have been drawn from this evidence. The probable effect of the erroneous instructions, and the comment by the district attorney, upon the jury's consideration of the evidence is apparent.

The burglary committed sometime between 1 a.m. on December 25, 1963, and 2 p.m. on December 26, 1963, was fixed at first degree, which implies a finding it occurred in the nighttime rather than the daytime. (See Pen. Code, § 460.) The only evidence on the issue was that the burglary occurred during the owner's absence which was between the times indicated. Assuming this state of the record authorized the deduction of dual inferences, i.e., either that the burglary had been committed in the nighttime or that it had been committed in the daytime, the probable effect on the verdict of the instruction respecting defendant's failure to testify is readily apparent.

The judgment is reversed.

Brown (Gerald), P. J., and Whelan, J., concurred.

A petition for a rehearing was denied January 13, 1966.