[Crim. No. 13235. Second Dist., Div. Four. Aug. 19, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. ARDIS DURNA CHAMPION et al., Defendants and Appellants.

Jerry Coons, under appointment by the Court of Appeal, for Defendants and Appellants.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Mark A. Ivener, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—Defendants appeal from judgments of conviction entered after a jury found them guilty of burglary and grand theft.

A 1964 Pontiac with license No. KDU 196 was stolen from a Los Angeles used car lot. The locked office where the keys to the car were kept was broken into. The burglary and theft occurred sometime after the lot was closed on the night of November 24, 1965, and before it reopened on the morning of November 26. It was closed on the 25th to observe the Thanksgiving holiday.

Defendants were seen by Lee Dunnigan in a Pontiac GTO at about 3 p.m. on November 25th. They were in a Pomona service station getting gas. Champion was in the driver's seat and defendant Henry was on the passenger side. Dunnigan wrote down the license number of the car and gave it to Officer Zbinden of the Pomona Police Department.

About an hour later, Officer Borren, who was given the license number KDU 196 by Zbinden, spotted a Pontiac, with that license, parked in a Pomona parking lot. Henry was just getting out of the car. He had been seated in the passenger seat. No one else was in the vehicle. After talking with Henry, the officer saw Champion walking about a block away in a direction away from the car after leaving a residence.

Both defendants were arrested a few minutes later. The arrests did not relate, however, to the theft of the Pontiac, and they were subsequently released. It was not until later that Officer Borren learned of the burglary and theft.

Henry testified denying any involvement in either the theft or burglary. He was not sitting in a Pontiac when Officer Borren approached him on November 25th; he was walking on the sidewalk. When the officer asked if he had just gotten out of the car, he said "no"; there were several cars in the lot and he did not know which car the officer was talking about. He had gone to Pomona that day on a bus to go to a party at Champion's house; he was walking from Champion's house to the store for a pack of cigarettes when approached by the officer. He was never in the Pontiac described.

Champion did not testify.

Defendants urge two basic contentions; that the evidence is insufficient to support their convictions; and that the jury

was not properly instructed on the law applicable to the case.

The evidence, with reasonable inferences drawn therefrom, supports the conclusion that the office of the used car lot was burglarized by someone to secure the keys to the Pontiac, and that someone thereafter stole the automobile. However, we conclude that the evidence is not sufficient to support the conclusion that either of the defendants committed the burglary and theft.

■ Henry was observed riding as a passenger in the Pontiac less than 24 hours after the car lot on which it was located was locked up for the Thanksgiving holiday. Shortly thereafter he was observed seated in the passenger seat of the car in a parking lot. But a passenger in a stolen vehicle is not, per se, the possessor of that vehicle. Although Henry's testimonial denial of the fact he was a passenger, may be considered as a deliberate fabrication from which an inference may be drawn of consciousness of guilt, we conclude that since he was not shown to be in possession of the stolen property, this circumstance is insufficient without more to sustain a finding that he was guilty of its theft and the related burglary. The case against Henry is no stronger than that which we held to be insufficient in *People* v. *Clark,* 251 Cal.App.2d 868 [60 Cal.Rptr. 58] and *People* v. *Mangum,* 246 Cal.App.2d 550 [54 Cal.Rptr. 743].

■ Champion was observed in possession of the stolen car. He was driving it. But the showing that he was in possession of recently stolen property, is insufficient evidence by itself to connect him to its theft or to the related burglary. (See *People* v. *McFarland,* 58 Cal.2d 748, 754 [26 Cal.Rptr. 473, 376 P.2d 449]; *People* v. *Citrino,* 46 Cal.2d 284, 288 [294 P.2d 32].)

■ The argument of the People that Champion's failure to volunteer an explanation for his possession is a sufficient corroborating circumstance to meet the test laid down in *People* v. *McFarland, supra,* 58 Cal.2d 748, is without merit. A prerequisite for the application of the failure-to-explain-possession doctrine, is a showing that the circumstances are such that defendant's silence or failure to explain "indicates a consciousness of guilt." (*People* v. *McFarland, supra,* at p. 756.)

The record in this case is completely silent with respect to the circumstances surrounding the arrest of defendants *in connection with the crimes charged.* As indicated in the statement of the facts, when the officer found defendant Henry

sitting in the Pontiac automobile and defendant Champion nearby (shortly after both were observed in it), the police then knew nothing about its having been stolen. Champion's arrest on that occasion was not shown to be in any way connected with the theft of the automobile or with the burglary. The circumstances obviously did not call for him to explain his possession of the automobile.

Contrary to the position of the People, the exercise by Champion of his right not to testify raises no permissible inference of guilt. "The rule in *People* v. *McFarland, supra,* 58 Cal.2d 748, 755, permitting an inference of guilt upon failure of a person in possession of stolen property to explain his position, is subject to the constitutionally imposed limitation incident to an exercise of the right of a defendant in a criminal case not to testify." (*People* v. *Moore,* 239 Cal.App. 2d 70, 73 [48 Cal.Rptr. 475] ; see also *People* v. *Summerfield,* 262 Cal.App.2d 626 [69 Cal.Rptr. 10].)

Other than the evidence from which it may be concluded that Champion was in possession of the stolen automobile, there is nothing to connect him with the theft or burglary. The required corroborating evidence is totally lacking.

Since the evidence is insufficient to sustain the verdicts, we do not reach the issue of alleged error in the instructions.

The judgments are reversed.

Kingsley, J., concurred.

FILES, P. J., Dissenting in part.—I concur in the reversal as to Henry, but would affirm Champion's conviction.

Champion was seen driving the Pontiac just 16 hours after its owner had locked up. It is a reasonable inference that a person driving such a vehicle so soon after the theft is the person who took it. This was a relatively new and valuable car. Ownership of an automobile does not pass casually from hand to hand, like cigarettes, liquor or neckties. The defendant could not have purchased it, for motor vehicles are not salable without the ownership certificate. It is possible to borrow an automobile, but a jury might think it unlikely that someone other than Champion or his agent stole this car during Wednesday night and then loaned it to Champion on Thursday.

The Supreme Court declared in *People* v. *McFarland* (1962) 58 Cal.2d 748, at p. 755 [26 Cal.Rptr. 473, 376 P.2d 449], "The great weight of authority in other jurisdictions

recognizes that an inference of guilt is permissible where recently stolen property is found in the conscious possession of a defendant and the possession is not explained."

Prior to *McFarland,* courts occasionally said that "mere possession" of stolen goods was not enough. One difficulty with that language is that almost any case presents some other circumstances, e.g., the nature of the goods, the time, the place, the manner of possession. The real question in any case is the weight of the evidence as a whole. The *McFarland* opinion repudiated the "mere possession" theory and expressly disapproved *People* v. *Chambers* (1861) 18 Cal. 382, which had held that possession of the loot is not "of itself" sufficient to support a conviction for theft.

Some of the statements in *McFarland* concerning the effect of the defendant's silence in the face of questioning have been overruled by *People* v. *Cockrell* (1965) 63 Cal.2d 659, 670 [47 Cal.Rptr. 788, 408 P.2d 116]; and comment upon the defendant's silence is forbidden under *Griffin* v. *California* (1965) 380 U.S. 609 [14 L.Ed.2d 106, 85 S.Ct. 1229]; see *People* v. *Summerfield* (1968) 262 Cal.App.2d 626 [69 Cal. Rptr. 10].

Nevertheless, the inference to be drawn when a person is found driving a stolen car is in no way diminished by the existence of his privilege against self-incrimination. Defendant need not explain. But possession, under some circumstances, speaks for itself with sufficient authority to support a verdict. As in any case which depends upon circumstantial evidence, " 'We must assume in favor of the verdict the existence of every fact which the jury could have reasonably deduced from the evidence, and then determine whether such facts are sufficient to support the verdict.' If the circumstances reasonably justify the verdict of the jury, the opinion of the reviewing court that those circumstances might also reasonably be reconciled with the innocence of the defendant will not warrant interference with the determination of the jury." (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].)

By this standard, the jury's verdict as to Champion should not be overturned.