[Crim. No. 23319. Second Dist., Div. Five. Nov. 28, 1973.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID OPEL HALLMAN, Defendant and Appellant.

COUNSEL

Clifford Douglas, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Frederick R. Millar, Jr., Deputy Attorney General, for Plaintiff and Respondent.

OPINION

KLAUS, P. J.—Defendant was charged in count I of the information with grand theft. (Pen. Code, § 487, subd. 3.) Count II charged him with violating section 10851 of the Vehicle Code. He pleaded not guilty and waived his rights to a jury trial and to confront and cross-examine witnesses. Pursuant to stipulation the cause was submitted on the preliminary hearing transcript. The court found defendant guilty of count II. It found him not guilty of count I. Motion for new trial was denied. Proceedings were suspended. Defendant was placed on three years' probation, conditioned on his serving one year in county jail. He appeals from the judgment (order granting probation).

The facts adduced at the preliminary hearing were as follows: Clarence Neighbors was the owner of a 1963 Pontiac, license ORA 610. At about 8 p.m., November 8, 1972, Neighbors parked the car in a lot in the 1500 block on Truman Street. At about 9 p.m. the following day Neighbors discovered the car was missing. He had not given defendant or anyone else permission to use the car.

At 11:40 p.m., November 8, 1972, Officer Wolverton of the Los Angeles Police Department observed defendant driving a 1963 Pontiac, license ORA 610, southbound on San Fernando Road at an excessive rate of speed. Defendant turned east on Paxton, then south on Sutter Street, driving 40 m.p.h. in a 25 m.p.h. residential zone. Wolverton stopped defendant and gave him a speeding citation. Defendant did not have a driver's license. There was a passenger in the car who was intoxicated.

At 3:10 p.m., November 9, 1972, Officer Villanueva of the City of San Fernando observed defendant driving a 1962 or 1963 Pontiac, license ORA 610. Villanueva arrested defendant for grand theft auto. The officer

had obtained the stolen auto report that morning from the owner of the vehicle, Mr. Neighbors.

On this appeal defendant contends that the evidence was insufficient to sustain the conviction and that the waivers were inadequate to support the submission on the transcript. With respect to the sufficiency of the evidence, defendant argues first that there is no evidence in the record that he had knowledge that the car was stolen or that he acted with the specific intent to deprive the owner of title and possession. We cannot agree. Although mere possession of a stolen vehicle may not suffice to sustain a conviction, the attributes of the possession—time, place, and manner—may furnish the additional quantum of evidence needed. (*People* v. *Dickerson,* 273 Cal.App.2d 645, 649 [78 Cal.Rptr. 400].)

█ In this case there is, of course, no direct evidence just when the vehicle was stolen. Its owner had left it at 8 p.m. Defendant was seen driving it about three hours and forty minutes later. He was seen speeding about one and one-half miles from where the car had been parked. He was heading away from that location.[1] To conclude that defendant did not know the car was stolen, the trier of fact would have to draw the unlikely inference that someone other than defendant stole it some time between 8 and 11:40 p.m., remained in—or left and returned to—the neighborhood where the theft occurred and then loaned the vehicle to defendant. The evidence was sufficient to show defendant's knowledge that he was driving a stolen car.

The fact that defendant was still in possession the day after the theft, permitted the trial court to infer that it was his intent to deprive the owner of title or possession.

Defendant next asserts that the evidence fails to establish that the car in which defendant was observed belonged to the victim. Neighbors described his automobile as a 1963 Pontiac, license ORA 610. His testimony provided no further description of the car. █ Wolverton described the car that defendant was driving when the officer issued the speeding citation as a tan, two-door 1963 Pontiac, license ORA 610. Villanueva de-

---

[1] We take judicial notice of the distance between the 1500 block on Truman Street and the spot where defendant was seen by Officer Wolverton, as well as of the fact that the latter location is south of the former. (Evid. Code, §§ 452, 459; *Varcoe* v. *Lee,* 180 Cal. 338, 343 [181 P. 223].) If defendant disputes the tenor of the facts which we judicially notice, he is invited to furnish the court with appropriate information in a petition for a rehearing. This procedure is deemed sufficient compliance with the requirement of section 459, subdivision (c) of the Evidence Code.

scribed the vehicle in which he found defendant as a brown, 4-door 1962 or 1963 Pontiac. Defendant asserts that the discrepancy between the number of doors Wolverton testified the vehicle had and the number of doors Villanueva testified it had leads to the conclusion that there were two different cars involved.

Wolverton at first testified that he believed defendant was driving a white 1960 or 1962 Pontiac. It was only after he refreshed his recollection by looking at the citation which he had issued (People's exhibit 1) that he described the vehicle as a tan, two-door, 1963 Pontiac. Villanueva used nothing to refresh his recollection. It is just as reasonable to conclude that Villanueva was in error as to the number of doors the car defendant was driving had, as it would be to conclude that defendant had switched the plates to another 1963 Pontiac of a similar color.

Furthermore, Villanueva testified that he himself had obtained the stolen vehicle report that morning from Neighbors. This testimony was elicited on cross-examination. It was not limited to probable cause and it permits the inference that the car in which defendant was arrested, and which bore the license plates of Neighbors' car, matched the description Neighbors had given the officer.

■ Defendant next asserts that the submission on the transcript was tantamount to a guilty plea and that the conviction must be reversed because he did not waive his privilege against self-incrimination. We need not discuss the inconsistency of defendant's arguing both that the evidence is insufficient and that the submission was tantamount to a guilty plea. Suffice it to say that not all submissions are the equivalent of a slow plea of guilty. (*In re Mosley,* 1 Cal.3d 913, 924-925, fn. 9 [83 Cal.Rptr. 809, 464 P.2d 473].) In the instant case, defense counsel stated, at the time of the submission, that this was not a *Mosley* situation. Counsel cited *People v. Champion,* 265 Cal.App.2d 29 [71 Cal.Rptr. 113], to the trial court and argued that the evidence was insufficient to sustain a conviction. Although the trial court resolved that issue adversely to defendant and we have sustained its decision, the issue clearly was a close one. We do not believe the submission herein was tantamount to a guilty plea. It was not defective because taken in the absence of a waiver of the privilege against self-incrimination.

The judgment (order granting probation) is affirmed.

Ashby, J., and Hastings, J., concurred.