Filed 10/8/14  In re D.J. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re D.J., <br><br> a Person Coming Under the Juvenile Court Law. | B252531 <br><br> (Los Angeles County Super. Ct. No. TJ20023) |
| THE PEOPLE, <br><br>     Plaintiff and Respondent, <br><br> v. <br><br> D.J., <br><br>     Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Tamara Hall, Judge.  Affirmed as modified.

Gerald Peters, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

_____

# INTRODUCTION

The juvenile court sustained a petition pursuant to Welfare and Institutions Code section 602 alleging D.J. had committed residential burglary and grand theft of an automobile, ordered him to remain a ward of the court, and placed him home on probation.  On appeal, D.J. contends the evidence is insufficient to support the burglary finding.  He also contends, and the People concede, that the juvenile court erred by placing him at home on probation with a maximum term of confinement of seven years and four months.  We affirm the order as modified by striking the confinement term of seven years and four months.  We also correct a clerical error in the court's minute order.

## FACTUAL AND PROCEDURAL BACKGROUND

Guillermo Rodriguez tented and fumigated his house for termites on Friday evening, September 20, 2013.  Rodriguez left about 20 minutes after the fumigation began, leaving behind his Toyota Tacoma pickup truck, locked and parked in his driveway.  Rodriguez had one set of the truck's keys in his possession and another set hanging on a hook in the kitchen.  The truck was equipped with LoJack, an electronic vehicle tracking system.[1]

Rodriguez returned home between noon and 2:00 p.m. the following day, Saturday, September 21, 2013, and discovered his pickup truck was missing.  In the back of the house Rodriguez discovered that the fumigation tent was open and a bedroom window was broken.  Scattered on the ground near the broken window were a makeup bag, bracelets, and nail polish that had been inside the house.  Rodriguez observed that a laptop computer, two video game consoles, two leather bags, and a watch were missing from inside the house.  In addition, a set of keys to Rodriguez's truck was "no longer in

_____

[1]     LoJack is "a means of tracking a stolen vehicle."  (*People v. Mai* (2013) 57 Cal.4th 986, 1001.)

the kitchen" "under the cabinet" where he hung all of his keys.  Rodriguez notified the police and activated the LoJack vehicle tracking system.

Los Angeles County Sheriff's Deputy Samuel Gutierrez was on patrol in Compton between 2:00 and 3:00 p.m. that day when his patrol car's LoJack receiver alerted him that a stolen 2013 Toyota Tacoma pickup truck was in the area.  Gutierrez traced the LoJack signal to a Toyota Tacoma pickup truck parked on the street.  Deputy Gutierrez parked about 100 yards away from the truck, confirmed it had been stolen, and waited.  At some point, D.J. entered the truck and drove away.  Deputy Gutierrez followed until D.J. parked in front of a house on South Cliveden Avenue in Compton.  Gutierrez approached and ordered D.J. out of the truck.  The truck's keys were in the ignition.

The sheriff's department returned Rodriguez's truck and the keys that he had last seen under his kitchen cabinet.[2]  Rodriguez noticed the truck had collision damage and it would need to be repaired.  A reciprocating saw and a toolbox containing other construction tools were missing from inside the truck.  Rodriguez later recovered the laptop computer, the saw, and the tool box, which was empty.

D.J. was arrested at approximately 6:00 p.m. on Saturday, September 21, 2013.  Prior to questioning D.J., Deputy Gutierrez advised him of his rights to remain silent, to an attorney, and, if indigent, to appointed counsel.  (See *Miranda v. Arizona* (1966) 384 U.S. 436 [86 S.Ct. 1602, 16 L.Ed.2d 694].)  D.J. told Deputy Gutierrez that he found the pickup truck with the keys inside it, decided to drive it away, and parked the truck outside his house on South Cliveden Avenue.  D.J. would not say where he found the truck.

At the close of the People's evidence, the juvenile court denied D.J.'s motion to dismiss the petition for insufficient evidence.  (See Welf. & Inst. Code, § 701.1.)  D.J. did not testify or present any evidence in his defense.  Following argument by counsel, the court found that D.J.'s statements to Deputy Gutierrez were not credible and sustained

---

[2]    Rodriguez described the set of keys the sheriff's department returned to him as "the one with the control," which was the set that had been in his kitchen before his truck was stolen.

3

the petition as to the counts for residential burglary and grand theft of an automobile.[3] The court found "beyond a reasonable doubt that [D.J.] is in fact, based on the evidence before this court, circumstantial evidence, he is the person who entered that home the night before, located the keys . . . which he said he found . . . inside the ignition of the Toyota Tacoma, which we know to be not true. The keys were in fact in Mr. Rodriguez's house, inside the kitchen on a hook, and they were missing when Mr. Rodriguez returned to his home. [D.J.] was the person who in fact went inside that house and took those keys and stole the vehicle, and as a result, the court finds beyond a reasonable doubt that [D.J.] committed the crime of first degree residential burglary, in violation of Penal Code section 459, as a felony."

## DISCUSSION

A.     *Standard of Review*

"The same standard governs our review of the sufficiency of evidence in juvenile cases as in adult criminal cases . . . ." (*In re Christopher F.* (2011) 194 Cal.App.4th 462, 471, fn. 6.) "In reviewing a challenge to the sufficiency of the evidence, we 'review the whole record to determine whether *any* rational trier of fact could have found the essential elements of the crime or special circumstances beyond a reasonable doubt. [Citation.] The record must disclose substantial evidence to support the verdict—i.e., evidence that is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citation.] In applying this test, we review the evidence in the light most favorable to the prosecution and presume in support of the judgment the existence of every fact the jury could reasonably

_____

[3]     The People were unable to proceed on two additional counts of receiving stolen property after D.J. successfully moved to suppress the evidence seized following a search of his residence by sheriff's deputies. (See Welf. & Inst. Code, § 700.1.) The juvenile court dismissed those counts.

4

have deduced from the evidence.  [Citation.]'  [Citation.]  Moreover, ""'[c]ircumstantial evidence may be sufficient to connect a defendant with the crime and to prove his guilt beyond a reasonable doubt.'"'  [Citation.]  Accordingly, '[w]e "must accept logical inferences that the jury might have drawn from the circumstantial evidence.  [Citation.]"' [Citation.]"  (*People v. Banks* (2014) 59 Cal.4th 1113, 1156.)

B.  *The Juvenile Court's Finding D.J. Committed Residential Burglary Is Supported by Substantial Evidence*

A person who enters any building with the intent to commit larceny or any felony is guilty of burglary.  (Pen. Code, § 459; *People v. Yarbrough* (2012) 54 Cal.4th 889, 892.)  Burglary of an inhabited dwelling (residential burglary) is burglary of the first degree.  (Pen. Code, § 460, subd. (a).)

D.J. contends the evidence is insufficient to support the finding he committed residential burglary because there was neither physical evidence nor eyewitness testimony that he entered or was near Rodriguez's house when the crime occurred.[4]  The juvenile court's finding, however, is supported by substantial circumstantial evidence.

Within 24 hours after Rodriguez had parked his truck in his driveway and left the keys in his kitchen, sheriff's deputies found D.J. driving Rodriguez's truck, using the keys from Rodriguez's kitchen.  "When, as here, a defendant is found in possession of property stolen in a burglary shortly after the burglary occurred, the corroborating evidence of the defendant's acts, conduct, or declarations tending to show his guilt need only be slight to sustain the burglary convictions."[5]  (*People v. Mendoza*, *supra*, 24

---

[4]  D.J. does not argue that the residence was not inhabited because it was tented for fumigation.

[5]  There is no bright line rule for what interval of time constitutes recently stolen. (See *People v. Anderson* (1989) 210 Cal.App.3d 414, 421.)  Courts have generally considered "shortly after the burglary" as within approximately 24 hours (see, e.g., *People v. Mendoza* (2000) 24 Cal.4th 130, 176 [later the same morning]; *People v. Hallman* (1973) 35 Cal.App.3d 638, 640 [within 25 hours]; *People v. Conrad* (1954) 125

Cal.4th at p. 176.)  Although "possession of recently stolen property by itself is not sufficient to support a finding of guilt of *any* offense—including theft-related offenses— and, accordingly, there must be other corroborating evidence of the defendant's guilt[,] . . . the corroborating evidence need not be sufficient to prove guilt by itself (since it is combined with any additional inference of guilt the jury draws from the defendant's possession of the fruits of the crime)."  (*People v. Moore* (2011) 51 Cal.4th 1104, 1130-1131.)  Such corroborating evidence may include "(1) 'the attributes of possession—time, place and manner'; (2) 'that the defendant had the opportunity to commit the crime charged'; (3) 'the defendant's conduct'; (4) 'his false or contradictory statements, if any'; (5) 'other statements he may have made with reference to the property'; (6) 'a false account of how he acquired possession of the stolen property'; and (7) 'any other evidence which tends to connect the defendant with the crime charged.'"  (*Mendoza*, *supra*, at p. 176; see *Moore*, *supra*, at p. 1131; *People v. Parson* (2008) 44 Cal.4th 332, 355.)

The corroborating evidence here consisted of D.J.'s statements, which the juvenile court found not credible, that he decided to drive the truck when he came upon it with the keys inside and his refusal to divulge where he found the truck.  (See *People v. McFarland*, *supra*, 58 Cal.2d at p. 754 ["[i]t has frequently been held that possession of recently stolen property together with a *false explanation* will support a conviction"]; *People v. Citrino*, *supra*, 46 Cal.2d at pp. 288-289 [false statements about the source of property tend to show consciousness of guilt and constitute valid corroborating evidence]; *People v. Green* (1995) 34 Cal.App.4th 165, 180-181 ["'[w]here recently stolen property is found in the conscious possession of a defendant who, upon being questioned by the police, gives a false explanation regarding his possession or remains

---

Cal.App.2d 184, 185 [the following day]; *People v. Owens* (1947) 79 Cal.App.2d 290, 295 [the morning after burglary discovered]) or even longer (see, e.g., *People v. McFarland* (1962) 58 Cal.2d 748, 758 [within two months]; *People v. Citrino* (1956) 46 Cal.2d 284, 286 [within a few days]; *People v. Midkiff* (1968) 262 Cal.App.2d 734, 741 [ten days]; *People v. Reynolds* (1957) 149 Cal.App.2d 290, 295 [six days].)

silent under circumstances indicating consciousness of guilt, an inference of guilt is permissible'"].)  These false statements, which indicated consciousness of guilt, were sufficient corroborating evidence that D.J. committed the burglary.

*In re D.M.G.* (1981) 120 Cal.App.3d 218, cited by D.J., is distinguishable.  In that case the People charged the minor with stealing a gun from the home of a police officer.  The People argued that the facts the minor had the gun in her possession and "did not offer any evidence to show that she had honestly obtained the gun" were sufficient to support the finding of burglary.  (*Id.* at p. 227.)  The court disagreed and held that this evidence was insufficient to sustain the burglary charge because there was no independent corroboration.  (*Id.* at p. 229.)  The court noted that the People did "not point to any corroborating evidence other than the failure to explain and possession of the gun to sustain the trial court's true finding on the burglary charge.  Further, our review of the record reveals a total absence of any physical evidence, witnesses, statements by the minor or evidence of a sale of the stolen property at a reduced price, etc., which could sustain the trial court's true finding on the charge." (*Id.* at p. 230.)  Unlike *In re D.M.G.*, where the minor did not give a statement, here there was corroborating evidence that D.J. committed the burglary in the form of D.J.'s implausible statements to Deputy Gutierrez about how he came to be in possession of Rodriguez's truck and his refusal to disclose the location where he purportedly found the truck.

C.      *The Juvenile Court Erred by Placing D.J. on Probation with a Maximum Term of Confinement of Seven Years and Four Months*

The parties agree the juvenile court erred in calculating a seven-year, four-month maximum period of confinement that is of no legal effect because the court did not remove D.J. from the physical custody of his parent or guardian.  (See Welf. & Inst. Code, § 726, subd. (d); *In re Matthew A*. (2008) 165 Cal.App.4th 537, 541 [court is required to specify maximum period of physical confinement only when minor is removed from the physical custody of his or her parent or guardian]; *In re Ali A.* (2006) 139 Cal.App.4th 569, 573-574 [same].)  Therefore, we strike that term from the court's

7

minute order.  (See *In re A.C.* (2014) 224 Cal.App.4th 590, 592 ["where a juvenile court's order includes a maximum confinement term for a minor who is not removed from parental custody, the remedy is to strike the term"].)

In addition, we note that the trial court mistakenly checked the preprinted box on the minute order stating, "Custody of minor is taken from the parents.  Minor is placed in the care, custody and control of the Probation Officer."  We correct this clerical error to accurately reflect the juvenile court's oral pronouncement.  (See *People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2 ["record of the oral pronouncement of the court controls over the clerk's minute order"]; *People v. Mitchell* (2001) 26 Cal.4th 181, 186-187 [appellate court may correct clerical errors on its own motion or upon application of the parties]; *People v. Morales* (2014) 224 Cal.App.4th 1587, 1594 ["[w]hen there is a discrepancy between the oral pronouncement of judgment and the minute order, the oral pronouncement controls"].)

## DISPOSITION

The minute order of October 21, 2013 is modified to strike the maximum confinement term of seven years and four months and to reflect the juvenile court's oral pronouncement placing D.J. home on probation.  As modified the juvenile court's order is affirmed.

SEGAL, J.*

We concur:

PERLUSS, P. J.

ZELON, J.

---

*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.