Filed 6/24/15  P. v. Williams CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B261021 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA051586) |
| v. | |
| MICHAEL EUGENE WILLIAMS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant Michael Eugene Williams appeals from an order denying his petition for a recall of sentence after the trial court sentenced him to prison for 35 years to life following his conviction by jury of criminal threats, having suffered two prior felony convictions, two prior serious felony convictions, and a prior felony conviction for which he served a separate prison term. (Pen. Code, §§ 1170.126, subd. (b), 422, 667, subds. (a) & (d), 667.5, subd. (b).) We affirm the order denying appellant's petition for a recall of sentence.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 6, 2002, a jury convicted appellant as previously indicated. On November 25, 2002, the trial court imposed the above sentence, which included a prison term of 25 years to life pursuant to the "Three Strikes" law for the present offense of criminal threats.[1]

On October 24, 2014, appellant filed a petition for a recall of sentence pursuant to Proposition 36. (Pen. Code, § 1170.126, subd. (b).) Appellant waived his appearance in court for any resentencing. On November 12, 2014, the trial court denied the petition with prejudice on the ground criminal threats is a " 'serious felony' " within the meaning of Penal Code section 1192.7, subdivision (c)(38). On December 16, 2014, appellant filed a notice of appeal.

## CONTENTIONS

After examination of the record, appointed appellate counsel filed an opening brief which raised no issues and requested this court to conduct an independent review of the record.

---

[1] The facts of the present offense are not pertinent to this appeal. It is sufficient to note that on or about April 14, 2002, appellant committed the above offense. We take judicial notice of the records in the superior court file in this case. (Evid. Code, §§ 452, subd. (d)(1), 455, subd. (a), 459, subds. (a), (c).) If a party disputes said taking of judicial notice, said party may furnish this court with appropriate information in a petition for rehearing. This procedure is deemed sufficient compliance with the requirement of Evidence Code section 459, subdivision (c). (*People v. Hallman* (1973) 35 Cal.App.3d 638, 641, fn. 1.)

By notice filed February 24, 2015, the clerk of this court advised appellant to submit within 30 days any contentions, grounds of appeal, or arguments he wished this court to consider.

On April 9, 2015, appellant belatedly filed with this court a supplemental letter. In it, appellant asserts, inter alia, his petition for a recall of sentence is meritorious and he is amenable to rehabilitation. He also asserts he was 44 years old when arrested, he is 57 years old, he has accumulated countless character accolades, he accepts personal responsibility for his actions, and he no longer poses an unreasonable risk to public safety. He essentially argues we should reverse the trial court's order denying his petition.

However, "[o]n November 6, 2012, the voters approved Proposition 36, the Three Strikes Reform Act of 2012, which amended sections 667 and 1170.12 and added section 1170.126 (hereafter the Act). . . . The Act . . . created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law *for a crime that is not a serious . . . felony . . .* may have his or her sentence recalled and be sentenced as a second strike offender . . . ." (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168, italics added.) The Act became effective November 7, 2012. (*Id*. at p. 169.) Penal Code section 1170.126, subdivision (e)(1), states, in relevant part, an inmate is eligible for resentencing if "[t]he inmate is serving an indeterminate term of life imprisonment . . . for a conviction of a felony or felonies *that are not defined as serious . . . felonies* by . . . [Penal Code section 1192.7, subdivision (c)]." (Italics added.)

In 2002, when appellant committed the present offense, on November 7, 2012, the effective date of the Act, and in 2014, when appellant filed his petition, the crime of criminal threats was a " 'serious felony' " within the meaning of Penal Code section 1192.7, subdivision (c)(38). It follows appellant was, by statute and as a matter of law, ineligible for resentencing under Proposition 36. (Pen. Code, § 1170.126, subds. (b), (e)(1) & (f).) The trial court properly denied appellant's petition for a recall of sentence.

3

### *REVIEW ON APPEAL*

We have examined the entire record and are satisfied counsel has complied fully with counsel's responsibilities. (*Smith v. Robbins* (2000) 528 U.S. 259, 278-284; *People v. Wende* (1979) 25 Cal.3d 436, 443.)

### *DISPOSITION*

The order denying with prejudice appellant's petition for a recall of sentence is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

KITCHING, J.

We concur:

EDMON, P. J.

ALDRICH, J.