Filed 8/20/15  P. v. West CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C076456 |
| Plaintiff and Respondent, | (Super. Ct. No. CM037149) |
| v. | |
| JONATHAN NATHAN WEST, SR., | |
| Defendant and Appellant. | |

Following a jury trial, defendant Jonathan Nathan West, Sr., was convicted of a single count of receiving stolen property and sentenced to two years in state prison.  On appeal, defendant challenges the sufficiency of the evidence to support the conviction.  We conclude that substantial evidence supports the jury's determination that defendant knowingly possessed stolen property and affirm.

BACKGROUND

On the morning of February 16, 2012, college student Joshua Gill was getting ready to go for a bike ride with a friend and neighbor from his apartment complex on

1

Nord Avenue in Chico. He noticed a "suspicious" man walking outside, but did not get a good look at him. A short time later, Gill noticed that his backpack, which he had left on a chair outside of his apartment, was missing. The backpack contained Gill's keys and wallet. Gill searched the area around his apartment complex for the missing backpack. When the search proved unsuccessful, Gill called police. While on the phone with the police department, Gill noticed two "suspicious" individuals staring at him from outside the perimeter of the apartment complex. The individuals were wearing coats that would have been large enough to conceal Gill's small backpack. They left the area while Gill was still on the phone with police.

A few months later, in the early morning hours of June 27, 2012, Chico Police Officer Justin Adrian responded to a disorderly conduct call at 1572 Nord Avenue. Officer Adrian contacted defendant, who reported that he had been in an argument with his roommate. Officer Adrian, who had responded to another disorderly conduct call involving defendant an hour earlier, arrested defendant for public intoxication.

Officer Adrian searched defendant incident to arrest and found Gill's driver's license and debit card in defendant's wallet. Officer Adrian investigated and learned that Gill's driver's license and debit card had been reported stolen some four to five months earlier. During the course of his investigation, Officer Adrian also learned that no one had attempted to use Gill's debit card during the time it was missing.

On October 15, 2012, defendant was charged with one count of receiving stolen property. The information further alleged that defendant had two prior strike convictions for attempted robbery and burglary.

Defendant was tried by a jury. During the trial, Gill testified that he did not give anyone permission to take his backpack, driver's license, or debit card. He acknowledged that he could not positively identify defendant as one of the "suspicious" individuals he saw on the morning of the theft. Officer Adrian testified that there is a

2

black market for stolen driver's licenses and debit cards, which can be used to fraudulently obtain goods using someone else's identity. Defendant did not testify and called no witnesses.

During closing arguments, defendant's trial counsel acknowledged that, "[a] driver's license, debit card, they are not things that you want in somebody else's hands." Nevertheless, he suggested that, "[t]hese items that were stolen four months ago may have been discarded."

Following the jury trial, defendant was found guilty of receiving stolen property. In a bifurcated proceeding, the jury also found the prior conviction allegations to be true.

Defendant appeared for sentencing on April 16, 2014. The trial court exercised its discretion to strike both of defendant's prior convictions and sentenced him to the middle term of two years in state prison.

Defendant filed a timely notice of appeal.

DISCUSSION

Defendant argues there is insufficient evidence to support his conviction for receiving stolen property. Specifically, he contends there is nothing in the record to support the jury's finding he knew the driver's license and debit card were stolen. We conclude sufficient evidence supports his conviction.

"When considering a challenge to the sufficiency of the evidence to support a criminal conviction, we review the whole record in the light most favorable to the verdict, drawing all inferences that reasonably support it, and determine whether it contains substantial evidence--that is, evidence which is reasonable, credible, and of solid value-- from which a trier of fact could rationally find the defendant guilty beyond a reasonable doubt. [Citations.] In making this determination, we do not reweigh the evidence, resolve conflicts in the evidence, draw inferences contrary to the verdict, or reevaluate the credibility of witnesses. [Citation.] Moreover, because it is the jury, not the reviewing court, that must be convinced of the defendant's guilt beyond a reasonable

3

doubt, we are bound to sustain a conviction that is supported by only circumstantial evidence, even if that evidence is also reasonably susceptible of an interpretation that suggests innocence." (*People v. Little* (2004) 115 Cal.App.4th 766, 771; see also *People v. Kraft* (2000) 23 Cal.4th 978, 1053.)

"Proof of the crime of receiving stolen property requires establishing that the property in question was stolen, that the defendant was in possession of it, and that the defendant knew the property to be stolen." (*People v. Anderson* (1989) 210 Cal.App.3d 414, 420.) Here, the evidence was undisputed that a backpack containing Gill's driver's license and debit card was removed from the chair outside Gill's Nord Avenue apartment without his consent, and defendant was found in possession of Gill's license and debit card several months later, outside his own residence on Nord Avenue. Defendant does not challenge the sufficiency of the evidence to support the first two elements of his conviction for receiving stolen property. Instead, he contends the evidence was not sufficient to show he knew Gill's driver's license and debit card were stolen. Thus, only the knowledge requirement is at issue here.

"Knowledge that property was stolen can seldom be proved by direct evidence and resort must often be made to circumstantial evidence. . . . 'Possession of recently stolen property is so incriminating that to warrant conviction there need only be, in addition to possession, slight corroboration in the form of statements or conduct of the defendant tending to show his guilt.' " (*People v. Vann* (1974) 12 Cal.3d 220, 224, quoting *People v. McFarland* (1962) 58 Cal.2d 748, 754.) Put another way, the "knowing possession by a defendant of recently stolen property raises a strong inference of the other element of the crime: the defendant's knowledge of the tainted nature of the property. This inference is so substantial that only 'slight' additional corroborating evidence need be adduced in order to permit a finding of guilty." (*People v. Anderson*, *supra*, 210 Cal.App.3d at p. 421.)

4

Courts have been reluctant to draw a bright line in terms of what constitutes "recently" stolen property. (See *People v. Anderson*, *supra*, 210 Cal.App.3d at p. 422.) Whether the time period is "recent" is a matter to be decided by the trier of fact. (*Ibid*.) Here, the jury could reasonably find that Gill's driver's license and debit card were "recently" stolen when they were found in defendant's possession four to five months after the theft. (See *Anderson*, at p. 422 [four and one-half months from theft to possession deemed recent]; *People v. Lopez* (1954) 126 Cal.App.2d 274 [nine-month time span deemed recent].) Therefore, only slight corroboration was required to prove defendant's guilt. (*Anderson*, at p. 421.)

Defendant contends the prosecution failed to present even slight corroborative evidence, emphasizing that there was no evidence he said or did anything showing consciousness of guilt. The People respond that driver's licenses and debit cards are uniquely personal objects, which have no intrinsic value other than as instruments of identity theft.[1] The People also observe that defendant failed to offer any explanation as to why Gill's driver's license and debit card were in his wallet.

" '[P]ossession of stolen property, accompanied by no explanation, or an unsatisfactory explanation of the possession, or by suspicious circumstances, will justify

---

[1] Relying on *People v. Hallman* (1973) 35 Cal.App.3d 638 and *People v. Ricketts* (1970) 7 Cal.App.3d 441, defendant acknowledges that the time, place, and manner of possession may supply the requisite corroborative evidence in appropriate cases, but insists the present case is factually distinguishable. We recognize that *Hallman* and *Ricketts* involved different facts, but note that neither case purports to limit the circumstances under which the attributes of possession may be deemed to supply the necessary corroborative evidence, and neither precludes the jury's determination that defendant knowingly possessed stolen property here.

an inference that the goods were received with knowledge that they had been stolen.' " (*People v. McFarland*, *supra*, 58 Cal.2d at p. 754; see also *People v. Moses* (1990) 217 Cal.App.3d 1245, 1251 ["Since direct evidence of defendant's knowledge rarely exists, circumstantial evidence often comes from 'possession of stolen property accompanied by no explanation or unsatisfactory explanation, or by suspicious circumstances . . . .' "]; *People v. Alvarado* (1982) 133 Cal.App.3d 1003, 1019-1020 ["In routine circumstances, the knowledge element is inferred from the defendant's failure to explain how he came to possess a stolen item or his offer of an unsatisfactory explanation or from suspicious circumstances attendant upon his possession of the item"].) Here, although defense counsel speculated in closing argument that Gill's driver's license and debit card "may have been discarded," the defense offered no evidence to support such a theory, and the jury reasonably rejected it. (See generally, *Barnes v. United States* (1973) 412 U.S. 837, 845-846 [37 L.Ed.2d 380, 387-388] [evidence that the defendant possessed recently stolen Treasury checks payable to persons he did not know, and that defendant "provided no plausible explanation for such possession consistent with innocence," was "clearly sufficient to enable the jury to find beyond a reasonable doubt that petitioner knew the checks were stolen"].)[2]

A rational juror could conclude that a person stealing a backpack would be unlikely to discard the contents of a wallet found inside the backpack, particularly a driver's license and debit card, which are valuable as instruments of identity theft. A rational juror could also conclude from the fact that defendant stored Gill's driver's license and debit card in his wallet that he considered them valuable and did not intend to

---

[2]   Contrary to defendant's contention, allowing a jury to infer guilt from possession of recently stolen property in such circumstances does not relieve the prosecution of its burden of proof. (See *Barnes v. United States*, *supra*, 412 U.S. at pp. 841-847 & fn. 12 [37 L.Ed.2d at pp. 385-388 & fn. 12].)

return them. A rational juror could also conclude from the fact that defendant offered no alternative explanation for how he came to possess Gill's driver's license and debit card that defendant received them with knowledge they were stolen. Taken together, these circumstances were enough to permit the jury to find that defendant knew Gill's driver's license and debit card were stolen. Accordingly, we reject defendant's challenge to the sufficiency of the evidence.

We also reject defendant's argument that the evidence was insufficient in light of the passage of time between the theft of Gill's driver's license and debit card and their discovery in defendant's wallet. Relying on *Anderson*, defendant argues that, "[t]he more time that passes between the theft and the defendant's possession, the more corroborating evidence is necessary to sustain a conviction." (*People v. Anderson*, *supra*, 210 Cal.App.3d at p. 421 ["Catching a defendant with the goods in possession shortly after a theft rationally suggests a connection to and knowledge of the crime; while the passage of a long period between the theft and the defendant's possession of the stolen property weakens any inference of guilty knowledge"].) *Anderson*, however, does not purport to set forth a requisite quantum of corroborating evidence. To the contrary, *Anderson* leaves such factual determinations to the jury. (*Id.* at p. 422.) Here, the jury implicitly concluded that defendant's possession of Gill's recently stolen property raised an inference that defendant knew the property was stolen, such that only slight corroboration was required for a finding of guilt. As we have discussed, that minimal standard was met on the evidence presented. Therefore, defendant's challenge to the sufficiency of the evidence fails.

## DISPOSITION

The judgment is affirmed.

7

                        ROBIE           , J.


We concur:



        BLEASE        , Acting P. J.



        MURRAY         , J.